IN THE

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

)

JOHN COOLEY,               )     CIVIL ACTION No. 06-165 E

      DEFENDANT/PETITIONER,  )     (In Re: 02-40-cr-SJM)

v.                     )   BEFORE THE HONORABLE SEAN J. McLAUGHLIN

UNITED STATES OF AMERICA,  )      UNITED STATES DISTRICT JUDGE

      PLAINTIFF/RESPONDENT.  )

_____ )

MEMORANDUM

AND BRIEF IN SUPPORT OF THE INSTANT MOTION

TO VACATE, SET ASIDE, REVERSE, OR CORRECT

AND ILLEGAL SENTENCE BY THE DEFENDANT IN

FEDERAL CUSTODY PURSUANT TO TITLE 28,

UNITED STATES CODE, SECTION 2255

INTRODUCTION

The memorandum and brief, in support of the instant motion
to vacate, set aside, or correct sentence under Title 28, united
States Code, Section 2255 is herein submitted by the Defendant
John Cooley (hereinafter referred to as "Defendant"), pro-se, in
the above-numbered and captioned criminal cause, and reflects his

(1)

desire to correct his current sentence based upon his belief that
he was deprived of his right to due process in that defendant was
the victim of woefully government misconduct, as well as, ineffective
assistance by his attorneys of record in that counsels failed to
timely object to and or preserve for appellate review, multiple
misapplications of the United States Sentencing Guidelines("U.S.S.G."),
which were erroneously applied in the defendant's sentencing hear-
ing resulting in an incorrect sentence by the district court, as
well as the facts that the defendant is actually innocence of any
conspiracy, and the fact that the government misconduct has denied
the defendant a fair trial sentencing, and appeal determination,
and the calculation of the defnedant's offense level and criminal
history calculations, is unconstitutional because it increases the
defendant's punishment based  on uncharged facts that were not
found by a jury beyond a reasonable doubt or admitted by the defend-
ant, and the defendant's Suprevised Release as well is unconstitu-
tional based on the reasoning in **Booker**, _supra_. As such, the de-
fendant contends that his right to a fair trial and/or sentencing
determination, was violated as is mandated by current law and
procedure.

The defendant now states that this action has merit,
justification, and is the product of sound reasoning in that,
having exhausted all other available means of remedy, he is
left with no other alternative than to initiate this collateral
attack against the violations that are described herein, which
he sincerely believes rise to the level of constitutional infirmity

(2)

that authorizes this court to accept this action for review.

## CAUSE AND PREJUDICE

The defendant states that pursuant to the opinion in **United States v. Frady**, 456 U.S. 152, 167-68 (1982), he can not be procedurally barred from filing this action in that, (a) he has never before raised any of the issues alleged herein on direct appeal and/or in any prior motion or action, (b) his failure to raise these issues under any prior motion or venue is not due to any culpable negligence of his own but, rather, was predicated upon the woefully ineffective assistance of attorneys of record, and (c) the lack of action on the part of his attorney did serve to effectively prejudice and/or obstruct the defendant in his effort to obtain an equitable sentencing determination and/ or fair trial or appellate review.

## PRO-SE STATUS

The defendant also states that pursuant to the provisions contained in **Haines v. Kerner**, 404 U.S. 519 (1972), and its progeny, as well as current law and procedure, it is prayerful hope that this court will overlook any minor procedural inadequacies, (inferred ot otherwise), which may be found in conjunction with this action, as he is thus, not well versed in all of the intracacies of legal procedure or practice. This court should view this action with a tolerant eye towards the defendant's pro-se, status, as well as the good-faith intent on his part to comply with any and all rules.

(3)

## REQUEST FOR AN EVIDENTIARY HEARING

The defndant requests that should this court be unable
to make a clear determination as to the substantive merits of
this case from the brief and/or attendant record of proceedings,
it so order that the defendant be granted an evidentiary hearing
in which to resolve any and all controverted issues, most notably,
the issue of ineffective assistance from his attorneys of record
as is described herein.

The codified statute and accompanying rules which govern
procedures pursuant to **Title 28, United States Code, Section 2255**
virtually **MANDATE** that an evidentiary hearing be held "Unless the
files and records conclusively show that the movant is not entitled
to any relief." Id. 28 U.S.C. § 2255 **(emphasis added)**.

Thus, to be entitled to any evidentiary hearing the movant
need only make **"Factual allegations that if true would entitle him
to relief."** United States v. Barboa, 777 F.2d 1420 (10 Cir. 1985);
Bauman v. United States, 692 F.2d 565 (9th Cir. 1982). In the
proceeding cases, **(both which involved the district court's dis-
missal of 2255 motions without a hearing)**, the appellate court
reversed and remanded ordering the district court to hold hearing.
The court ruled that the district court had abused it's discretion
by not holding an evidentiary hearing after it was clear that the
petitioner's met their burdens of making factual allegations that,
if true, would have entitled them to relief, and the pleadings, and
records of the cases did nothing to show why the hearings should

(4)

not have been held.

## JURISDICTION

This is a post-guidelines case with respect to a criminal offense which allegedly took place from on or about January 1992, until on or about December 2002. Jurisdiction is therefore invoked in this action pursuant to the provisions found in **Title 18, United States Code, Section 3121, and Title 28, United States Code, Section 2255.**

Jurisdiction is also invoked pursuant to **Title 21, United States Code, Sections 841 (a)(1), 841 (b)(1)(A)(iii), and 846,** as well as, **Rule 32, of the** <u>**Federal Rules Of Criminal Procedure.**</u>

Jurisdiction is also invoked pursuant to **Sections 1B1., 2D1.1, 3B1.1, 4A1.1 4A1.2,** as well as any and all other applicable Chapters and Sections of the United States Sentencing Guidelines, (U.S.S.G.).

Jurisdiction is finally invoked pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as any and all other laws, rules, regulation, policies, procedures, and/or legal precedents or citations which are currently in force or effect or, where applicable were so in full force and effect at any time in this criminal matter during which such jurisdiction could law-fully have been invoked.

## REQUEST TO AMEND PETITION

The defendant request that this Honorable Court will allow the defendant or his attorney leave to amend his § 2255 petition, pursuant to the Federal Rules Of Civil Procedure, Rule 15.

## STATEMENT OF CASE

The defendant, John Cooley, (hereinafter "Defendant") was indicted on or about December 10, 2002, by a Grand Jury for the Western District of pennsylvania. The Grand Jury charged that from January 1992 and continuing thereafter until December 2002, Defendant conspired to distribute more than 50 grams of crack in violation of 21 U.S.C. § 846.

Defendant was tried before the Honorable Sean J. McLaughlin and a jury.

On or about December 9, 2003, Defendant was found guilty, and on or about February 25, 2004, Defendant was sentenced to Life imprisonment.

Defendant appealed in case number **05-4735 United States Court of Appeal for the Third Circuit,** the conviction was affirmed and the original sentence was vacated and remanded for resentencing pursuant to the United States Supreme Court's ruling in **United States v. Booker.**

On or about October 18, 2005, the defendant was resentenced to a term of Life in prison once again. A timely notice of appeal was filed to the United States Court of Appeals for the Third Circuit.

## STATEMENT OF FACTS

On or about december 10, 2002, a grand jury returned a one-count indictment, charging the defendant with conspiring to distribute fifty grams or more of a mixture and substances containing a dectable amount of cocaine base, commonly known as crack cocaine in violation of 21 U.S.C. § 846. The jury found defendant guilty and thereafter, the district court sentenced him to Life in prison. Following an appeal of defendant's conviction and sentence, the United States Court of Appeals for the Third Circuit affirmed the conviction, and the sentence was vacated and the matter was remanded to the United States District Court for re-sentencing on the basis of a mandatory enhancement of a sentence under the Federal Sentencing Guidelines, based on facts found by the court and not a jury, thereby violating the Sixth Amendment pursuant to **United States v. Booker**, 543 U.S. 220, 125 S.Ct.738 (2005). On October 18, 2005, defendant appeared before the District Court and a sentence of Life in prison was again imposed by the Honorable Sean McLaughlin. Now the defendant raises issues that he is actually innocence of a conspiracy to distribute drugs, as well as challenge the reimposition of a life sentence by the District Court which violates the Fifth and Sixth Amendments once again in that the imposition of a Life sentence based on facts found by the sentencing judge has violated defendant's Fifth and Sixth Amendment rights under the United States Constitution.

The charge against defendant alleged that defendant had

conspired with alleged co-conspirators who claimed that the
defendant was the leader and organizer of a criminal organization
for ten years to sell and distribute drugs. Defendant contends
that the government have involved allegeded co-conspirators
Albert Bord, Jamie Burnett, and Ken Henderson, who did not testify
at the time of trial based upon unreliable information that was
provided by these allegeded co-conspirators to the jury involving
the sale of cocaine base convicted him on false testimony based on
the conspiracy with these alleged co-conspirators and other paid
allegeded co-conspirators that testified at the defendant's trial
who received a reduction of sentence based on §5K1.1. Defendant
further contends that none of the government's witnesses was
properly challenge by his attorney Ms. Sally A. Frick, and attorney
Frick never moved to have the indictment dismiss based on the fact
that there was absolutely no evidence of narcotics seizures, no
laboratory analysis reports provided to the defense, as well as
having the indictment dismissed based on the government's misconduct.

In order to obtain the conspiracy conviction, the government
used co-defendants it protrayed as memebers of a conspiracy. The
jury believed this false contentions and found defendant guilty
of conspiracy with the absent co-conspirators, Albert Boyd, Jamie
Burnett, and Ken Henderson. The government in its arguments called
the defendant a voo doo drug dealer. That statement by the govern-
ment alone prejudice defendant and denied him a fair trial.

(8)

The record shows that the government targeted defendant, a small businessman, in 2002. In order to set the defendant up in a drug conspiracy, the government stated that the defendant had conspired with allegeded dummy co-conspirators, Albert Boyd, Jamie Burnett, and Ken Henderson, as well as other allegeded co-conspirators who the government knew or should have known was not part of a conspiracy to distribute drugs in the Erie area of Pennsylvania. The government then introduce the testimony of John Vergotz. Vergotz testified that his business is located next door to the defendant's house and that he had known defendant for 15 years. Vergotz stated that he was trying to purchase a new home, but needed an additional $10,000 for the closing. Vergotz claimed that he had discussed the situation with his secretary one day while the defendant was present in his shop, and the defendant invited Vergotz to his house where the defendant give Vergotz the $10,000 in cash, (The actual transfer took place in the defendant's car). Vergotz claimed that he repaid the defendant. If this court will review (Exhibit "A") attached hereto this petition, it will see that the defendant had sole Jose Velasquez some property located at 1248 East 21st Street, Erie, Pennsylvania. (See attached Exhibit "A" herewith this petition pursuant § 2255, Warranty Deed).

The complete breakdown of communication between Defendant and his trial counsel came to late to save him from his counsel's constitutionally deficient performance. Similarly, the knowledge of conflict of interest by appellate counsel also came to late to afford Defendant-counsel that functions in a meaningful sense as

(9)

the Government's adversary. Appellate counsel never brought to

the Court of Appeals for the Third Circuit attention of trial

counsel's ineffectiveness performance. Defendant's ineffective

assistance arguments, as well as other constitutional volations

will clearly show that counsels of record never conducted any

prior research, investigations, and/or filed or noted objected

or request the government to prove the constitutional validity

of defendant's prior state conviction, as well as bring to the

court's attention that the defendant is actually innocence of

any drug conspiracy. Defendant Cooley's ineffective assistance

of counsels arguments now follows.

## ARGUMENT OF PETITION

With respect to the forementioned issues for review, the defendant now submits the following corresponding arguments as the justifiable basis in support of his claim of constitutional infirmity that he associates with this case.

## POINTS AND AUTHORITIES

THAT THE DEFENDANT'S SIXTH AMENDMENT RIGHT WAS  VIOLATED
IN THAT HE WAS THE VICTIM OF WOEFULLY INEFFECTIVE ASSISTANCE
OF COUNSEL WHICH SERVED TO OBSTRUCT HIS CONSTITUTIONAL RIGHT
TO A FAIR TRIAL, SENTENCING, AND APPELLATE REVIEW DETERMINATION

## ARGUMENT IN SUPPORT:

The defendant contends that while the record of this case, (from a surface prespective), would tend to appear as though his attorneys of record did everything that they could do to present and/or defend the defendant's interest, in reality, those surface appearances fall well short of the true facts of this case which reveal that the defendant's counsels of record [**Sally Frick, Anthony T. McBeth, and Bruce Sandmire**], as well as Assistant U.S. Attorney(**Christian A. Trabold**) not only impeded the defendant's right to a fair trial and sentencing determination, as well as to an appeal determination for ineffectiveness of trial counsel Sally Frick, but even further, obstructed the defendant's right to effective assistance of counsel when attorney **Dennis Williams** was disqualified as defendant's counsel. Counsel of record(**Anthony McBeth, and Sally Frick, as well as Bruce Sandmire**) should have knew and/or known that the defendant's right to privately retained

(11)

counsel was wrongly blocked when the government and the trial court ordered Attorney **Dennis Williams** disqualified as counsel for the defendant. [See Exhibit "B" hereto this §2255 petition **"District Court's opinion by the Honorable Sean J. McLaughlin]**, inter alia violating defendant's Fifth, Sixth Amendment Rights to the United States Constitution.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. **McMann v. Richardson**, 397 U.S. 759, 771 n.14 (1970). The Due Process Clause of the Fifth Amendment guarantees the right to effective assistance of counsel on a first appeal as of right. **Evitts v. Lucey**, 469 U.S. 387, 396-99 (1985).

In considering all of the circumstances of this case, the defendant contends that no reasonable individual could or would (from any logical perspective), find that the decisions or actions of counsels Sally Frick not to investigate, and/or object, or bring to the trial court's attention that the defendant was being denied effective assistance of counsel by not allowing attorney Dennis Williams to remain the defendant's counsel, as well as notice that the defendant had been assessed criminal points upon a conviction that was unconstitutional due to counsel ineffectiveness in Crawford County Court of Common Pleas, in Meadville, PA.,

**Had counsel** Sally Frick properly investigated and reviewed the prior convictions to enhanced the defendant's criminal history

(12)

points, as well as the defendant's sentence being enhanced based on facts that was not charged in the indictment nor was it admitted by the defendant at trial, or sentencing, the enhancements and the resulting increase in the defendant's guideline range and sentence counsel Sally Frick should have known that these violations had violated the defendant's Fifth and Sixth Amendment right under the United States Constitution.

The Sixth Amendment guarantee the assistance of counsel comprises two correlative rights: the right to counsel of reasonable competence, and the right to counsel's undivided loyalty.

Where ineffectice assistance of counsel is claimed, the claim is evaluated under the standard announced in **Strickland v. Washington**, **supra**. This standard is usually expressed as requiring two elements: the defendant in a criminal case must (1) show that counsel's actions were "outside" the range of professional conduct, and (2) that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. **Id**. at 466 U.S. 687, 104 S.Ct. 2064.

Since the standard varies depending on the nature of Defendant's proof and the Court's finding, Defendant submits that the special circumstances discussed herein meet the **Strickland**, **Crawford**, and **Cronic** standards in their respective areas of (1) where counsel's omissions and errors constituted ineffective assistance of counsel, (2) where the confrontation clause of the Federal Constitution violates the Sixth Amendment and (3) Counsel's

(13)

errors are so egregious that the defendant need not demonstrate that the attorney's actions affected the reliability of the proceedings outcome. See **Strickland**, 466 U.S. at 702 (1984), **Crawford v. Washington**, 541 U.S. 36 (2004), and **Cronic**, 466 U.S. at 658-59 (1984). The presumption applies when the error involves actual or constructive denial of counsel during a critical stage of the proceedings or where counsel fails to subject the Government's case to adversarial testing as the defendant asserts in the instant case. **Cronic**, 466 U.S. at 659, 104 S.Ct. at 2047; **Strickland**, 466 U.S. at 702, 104 S.Ct. at 2072 ("**Actual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice,**"). In this case, there was an "actual breakdown in the adversarial process. **Toomy v. Bunnell**, 898 F.2d 741, 749 n.2 (9th Cir. 1990).

A defendant seeking to have his judgment vacated is entitled to an evidentiary hearing on an ineffective assistance of counsel calim. **United States v. Espinoza**, **supra**, at 1069.

A federal court is vested "'with the **largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.**'" **Hilton v. Braunskill**, 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (quoting **In Re Bonner**, 151 U.S. 242, 261, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894). The court is "free . . . to fashion the remedy as law and justice require . . . to order . . . [Defendant's] immediate release from  physical custody." **Davis v. Reynolds**,

890 F.2d 1105, 1112 (10th Cir. 1989); see also Fed. R. App.P. 23(c).

Accordingly, the Honorable Court should grant an appropiate writ ordering Defendant's release from custody, subject to any reasonable requirements designed to ensure his appearance at possible future proceedings in connection with the within case as this Court sees fit to impose. In the alternative, Defendant respectfully asks this Court to vacate his judgment and order a new trial,

### Attorneys Deficient Trial, Sentencing, and Appeal Performance Deprived Defendant of Effective Assistance Of Counsel

Defendant Cooley also contest his conviction and sentence on the ground that he was denied the effective assistance of counsel at trial, sentencing, and appeal in derogation of his rights under the Sixth Amendment. Defendant alleges the following specific errors and omissions that prejudiced his defense by trial counsel, as well as appellate counsel:

a) Failure to keep prejudicial information from the jury that defendant was a voo doo drug dealer (TT:Vol I;46 , Vol.II;.33-48, Vol.IV;34,45).

b) Failed to make appropriate objections TT: Vol1,2,3; TT:Vol. Vol.IV:34-45,Vol.4:146-51)- Counsel does not object to Government leading the witness to state he had been threatened by defendant); (TT:Vol. I; 46-74 ,Vol.II;34-) Counsel failed to object to improper questioning) TT: Vol I, II, III ,Vol. IV-44 ) (Re:Cross Recross examination - Counsel passed many opportunities to impeach witnesses); (TT: Vol. I, II, III, ,Vol. IV; 34,146-151);

(15)

(re: Drug reports - Counsel failed to timely object to the authenticity, makes no relevant objection, Exh. <u>"F"</u> ).

c) <u>Failed to cross examine and call expertise witnesses.</u>

(Re: Drugs that was involved was cocaine base/crack and/or move for a James hearing[<u>U.S. v. James</u> , 78 F.3d 851 (3rd Cir. 1996)] and/or call witnesses for drugs expertise was very critical to his defense and counsel never move for the Rule of lenity due to the fact that a particular form of cocaine base subject a severe enhancement under the Sentencing Guidelines.)

d) <u>Counsel failed in not allowing the Defendant to testify in his own behalf</u>.

e) <u>Each counsel of record failed to investigate</u>. Trial and appellate counsel did not investigate to see if the drugs was cocaine base "Crack" by retaining a drug expert or someone expert on crack cocaine for the defense.

f) <u>Trial counsel failed to object to the Assistant U.S. Attorney's improper opening and closing arguments</u>.

The Government stated that the Defendant was a voo doo drug dealer, and counsel never objected to that improper statement which prejudice the defendant to a fair trial.

II.   The District Court Committed Plain Error in allowing the Government to Introduce hearsay statement from non-testifying declarants that related to key elements of the Government's proof against Defendant Cooley, thereby violating Mr. Cooley's Sixth Amendment right to confront all witnesses against him under

<u>CRAWFORD v. WASHINGTON</u>, 541 U.S. 36 (2004).

(16)

A. Standard of Review:

      The scope of review in this case is for plain error. See **United States v. Olano**, 507 U.S. 725, 731-734 (1993). The Defendant bears the burden of showing that: **(1) an error occurred in the district court; (2) the error was obvious or clear; (3) the error affected the defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, interrity, or public reputation of the judicial proceedings.** Olano, supra, 733-734.

      On March 8, 2004 the Supreme Court decided **Crawford v. Washington**, 541 U.S. 36 (2004) and created a new framwork to consider the admission of hearsay statements. The **Crawford** error in this case at bar applies to Defendant's case.

      The focus of **Crawford** is on reliability. The ultimate VEHICLE FOR INSURING RELIABILITY IS CROSS-EXAMINATION of a witness, the reliability of any hearsay statement is called into question. Where "testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required; unavail-ability and a prior opportunity for cross-examination." **Crawford v. Washington**, 541 U.S. at 53. beyond that statement the Court did not provide any "comprehensive definition of testiminial" but it did indicate that the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogation." **Crawford v. Washington**, 541 U.S. at 53.

(17)

In this case at bar, the Government never called **Albert S. Boyd, Joyce Belle, Jamie Burnett, and Ken Henderson,** but the Government called indicted drug felons, with whom the government had made various deals . . . some of which resulted in reduction of sentences. **(Please review the trial transcripts of James Crockett, Frank Crockett, Richard Figueroa, Shannon Mathis, Eric Tate, Curas Henry, Andre Henderson, Jose Velasquez, and other drug felons).** All these government witnesses were known drug users and dealers, as well as confidential sources used by the government.

The trial counsel **Sally Frick** did not object to testimony that defendant allegedly threaten Joyce Belle **James Crockett's wife),** (TT: **Vol. II, I thur 38**).

Joyce Belle was not present when the defendant allegedly sent threats to her, as well as Jamie Burnett and Ken Henderson. This created a problem for the government. If Joyce Belle was not present to hear the threats the defendant allegedly made and if Special Agent Gorham was in fact not present to hear and/or observe the actual threat, the government needed someone to say the defendant threaten Joyce Belle. The only other witness who supposedly was present during the interview of the defendant was Trooper Weindorf who never testified at trial. ( TT: **Vol. IV 74** ).

In the case at bar, the defendant did not have the opportunity to cross examine Joyce Belle or trooper Weindrof,

(18)

Jamie Burnett, and/or Ken Henderson, as they was not called to testify at trial. Since the Government relied upon hearsay state- ments both in eliciting testimony and in its opening and closing arguments , the defendant was denied the opportunity to cross- examine these witnesses who claim that the defendant was a drug dealer, and made threats to Joyce Belle.

Defendant also contends that counsel Sally Frick failed to object that there was no evidence either implied or explicit was heard that any agreement existed between the defendant and any of the government witnesses to creat a CONSPIRACY TO SELL DRUGS. There was absolutely no evidence either real or circum- stantial that the defendant ever conspired to sell drugs with anyone. Additionally, there was no evidence or testimony that an agreement existed between or among any of the witnesses to deal drugs with or without the defendant. There was not one independent corroborating witness to the testimony of the im- peachable Government witnesses all of whom had felony convictions pertaining to narcotics.

II

**DEFENDANT IS ACTUALLY INNOCENT OF THE CHARGE OF CONSPIRACY. THE GOVERNMENT INTRODUCED INSUFFICIENT EVIDENCE TO PROVE THAT DEFENDANT COOLEY CONSPIRED TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE BASE**

It is defendant's contention that, predicated upon not only a compilation of actions by government officials, and in- effective assistance of counsel, defendant did not conspire with

(19)

any of the government's witnesses in count one of the indictment
for Conspiracy to Manufacture, Distribute and Possess with intent
to Distribute in Excees of 50 grams of Crack cocaine. The Defendant
contends that he has been deprived of his constitutional right
to due process. Defendant further contends that while the record
of this case, (from a surface perspective), would tend to appear
as though his attorneys did attempt to defend and/or represent
his interests, in actuality, such an appearance falls well short
of the true facts of this case which reveals that counsels for
Defendant deprived him of a full and fair trial. The government
and the District Court's not allowing Attorney Dennis Williams
to remain on the defendant's case further caused the defendant
to be deprived of his due process rights, all in violation of
defendant's 5th, 6th Amendment rights.

B). **Defendant's Actual Innocence Claim as to the Conspiracy**

A CONSPIRACY is an AGREEMENT. Not one witness, no matter
how much leniency the Government had given or promised them in
their own sentencing ranges, ever testified that the defendant,
Mr. Cooley ever agreed at any time or place with one of them or
with others to sell drugs or to support the selling of drugs with
violence. Therefore, where is the conspiracy?

An illegal CONSPIRACY must have an agreement between
some parties for a specific illegal act. None of the parade of
felonious witnesses testified there was any agreement between or
among themselves or with this defendant, nor did any witness
testify that Mr. Cooley's behavior at any time created an

(20)

assumption of an agreement.

In a conspiracy case, the Government must show that: (1) a conspiracy existed; (2) the defendant and co-defendants had knowledge of the conspiracy; and (3) the defendant and co-defendants voluntarily became part of the conspiracy. <u>United States v. Terselich</u>, 885 F.2d 1094 (3rd Cir. 1989). 3rd Circuit Law.

The defendant contends that, at best, the evidence showed that defendant was innocent of drug transactions over the period of time in count one of the indictment.

The defendant further contands that the evidence was insufficient to prove a single conspiracy. The Government's evidence taken in light most favorable to the Government, and even assuming the credibility of the Government's witnesses ( most was convicted felon on drug convictions and who the Government paid informers) shows only a series of drug purchases over the time alleged in count one of the indictment.

Evidence of a buyer-seller relationship, standing along, is insufficient to support a conspiracy conviction. See <u>United States v. Thomas</u>, 150 F.3d 742 (7th Cir. 1998), <u>United States v. Mercer</u>, 165 F.3d 1331 (11th Cir. 1999), <u>United States v. Townsend</u>, 924 F.2d 1385 (7th Cir. 1991). "The relationship of buyer and seller **absent any prior or contemporaneous understanding beyond the mere sales agreement** does not prove a conspiracy . . . In such circumstances, the buyer's purpose is to buy; the seller's

(21)

purpose is to sell. there is no joint object." **United States v. Kimmons**, 917 F.2d 1011, 1016 (7th Cir.1990). "The mere purchase or sales of drugs (even in large quantities) does not demonstrate an agreement to join a drug distribution conspiracy 'any more than a purchase of 100 tons of steel proves a person is intending to build a skyscraper or has 'jointed' the corporate enterprise of the manufacturer.' " **United States v. Townsend** , 924 F.2d 1385 (7th Cir. 1991) p. 1394. so it was in this case. The Government Case, at least, merely shows a series of alleged drug buyers and sales over the period alleged in count one of the indictment. There was no proof of the "joint action" required to prove conspiracy. The defendant is actually innocent of a drug conspiracy, and the government's proof of same simply falls short of showing the existence of the conspiracy alleged in the indict-ment.

### III

#### PROSECUTORIAL MISCONDUCT DEPRIVED DEFENDANT OF A FAIR TRIAL.

Defendant asserts that he has been denied a fair trial by the government's attroney conduct and statement in their opening and closing arguments in this case. (Exhibit VOL. I    )

During the course of the government's attempts to show that the defendant was a drug dealer, it stated that the defend-ant was a "voo doo" drug dealer. (Exhibit VOL. II      ).

When reviewing prosecutorial misconduct, the Court has to consider the degree to which the remarks complained of have

(22)

a tendency to mislead the jury and to prejudice the accused; whether they were deliberately or accidentally placed before the jury, and strength of the competent proofs introduced to establish the guilt of the accused.

The government prejudice Defendant's right to a fair trial. Defendant refers this Court to it's "oft-repeated and sometimes ignored statement of the Supreme Court in **Berger v. United States**, 295 U.S. 78, 88 (1935): The United States Attorney is the representative not of an ordinary party to controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he or she is in a peculiar and very definite sense the sservant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. he or she may prosecute with earnestness and rigor - indeed, he or she should do so. But, while he or she may strike hard blows, he or she is not at liberty to strike foul ones. It is as much his or her duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

This principal forbids the government's injection of improper or prejudicial evidence that deprives an accused of his right to a fair trial. To blink at what the government did

(23)

here is to allow the prosecutor "with impunity [to] import his or her personal vouching into his or her agrument at almost any point." The government's conduct in this case was "so egregious as to render the entire trial fundamentally unfair" and undermine confidence in the outcome.

Accordingly, the issues at trial were close and the prosecutor's misconduct was great. These factors present a clear and compelling case for reversal. Counsels for defendant at trial and appeal failed to have an expert analyze the government's drugs to see if it was cocaine or crack/cocaine base. Clearly, this evidence would have assisted defendant at trial and sentencing along with other evidence of the government's conduct. It cannot be said, based on the record that defendant had not have an adequate and independent review of the drugs involved in this case as applied to his due process rights to see if those drugs was cocaine base or not. Defendant has suffered a Miscarriage of Justice. It cannot be safely assumed that the jury verdict in this case was based on accurate information. As such, the 2255 is adequate to test the impact of all evidence presented to a jury with competent counsel. The gatekeeping provision of a 2255 provides the Defendant with the ability to test the legality of his detention but for Counsel's errors.

(24)

IV

## THE TRIAL/SENTENCING COURT LACKED JURISDICTION REGARDING ENHANCEMENT WHEN IT JUDICIALLY AMENDED THE INDICTMENT

The defendant contends that the trial/sentencing court created a situation of manifest injustice, in it's opinion cited at sentencing supra, in stating the **trial court had properly considered the drug amount, Organizer or leadership role, used a firearm during a drug trafficking crime, and the obstruction of justice enhancements in determining the sentence. (emphasis added)** See: Excerpts from sentencing/resentencing transcripts as Exhibits "G" "H" and "J" hereto this motion).

The trial/sentencing court opinion is fatally defective and in violation of the Fifth and Sixth Amendment in that **the trial court lacked jurisdiction to hold a trial in the original criminal case,** and then imprison this defendant, as he was factually and legally innocent of the allegations based upon the defects in the indictment set forth infra.**(See attached Indcitment hereto as Exhibit "     I     ").**

Additionally, the sentencing court in effect judicially amended the indictment in violation of the due process clause to the United States Constitution by allowing the case to proceed. The sentencing court effected a quasi-constructive amendment to the indictment in violation of the United States Constitution. A constructive amendment of the indictment is reversible per se, without proof of prejudice. See: <u>Stirone v. United States</u>, 361

(25)

U.S. 212, 217 (1960) "deprivation of the right to be **tried only on** charges returned by a grand jury . . . **is far to serious to be treated** . . . **as harmless error"**.

The construction of the indictment in the instant matter fails to provide essential elements of the crime, that would have put the defendant on notice as to those elements that would be used to enhance defendant sentence. These are what have now come to be known as **Apprendi and Booker Jurisdictional Question,** pursuant to the United States Supreme Court's decision in **Apprendi v. New Jersey,** 120 S.Ct. 2348 (2000), and **United States v. Booker,** 125 S.Ct. 738 (2005).

This bring us to the trial portion of the instant matter. **Did the trial court have jurisdictional, and** was the trial and sentence constitutionally legal ?

Rule 7 (c)(1) of the Federal Rules of Criminal Procedure state in part: **In general the indictment or the information shall be a plain, concise, and definite written statement of the ... essential facts ... constituting the offense charged",** (emphasis added)

Rule 7 (e) of the Federal Rules of Criminal Procedure, state in part: **"the court may permit an information to be amended at any time before verdict, or finding" " IF NO ADDITIONAL OR DIFFERENT OFFENSE IS CHARGED, AND IF SUBSTANTIAL RIGHTS OF THE DEFENDANT ARE NOT PREJUDICED"** ( emphasis added)

In the instant matter the errors found in the indictment, removed jurisdiction from the trial/sentencing court, and resulted

(26)

in an unconstitutional trial and sentencing based upon a judicial
amendment to the indictment. The errors in the indictment were as
follows:

## A. COUNT ONE OF THE DEFENDANT'S INDICTMENT WAS DEFECTIVE FOR FAILURE TO CHARGE HIS WILLFUL JOINER IN THE CONSPIRACY.

The defendant submits that count one(1) of his indictment
was defective for failure to charge his **"Willful joiner"** in the
conspiracy.

Defendant asserts that the essential elements of conspiracy
are: (1) that the conspiracy described in the indictment was will-
fully formed, and was existing at or about the time alleged; (2)
that the accused <u>willfully became a member of the conspiracy</u> ;
(3) that one of the conspirators thereafter knowingly committed at
least one of the overt acts charged in the indictment, at or about
the time and place alleged; (4) that such overt acts knowingly done
in furtherance of some object or purpose of the conspiracy as charged.
See, <u>United States v. Terselich</u>, 885 F.2d 1094 (3rd Cir. 1985);
<u>United States v. Kates</u>, 508 F.2d 308, 310-11 (3rd Cir. 1975); see
also <u>Idowu</u>, 157 F.3d at 268.

In count one (1) of the defendant's indictment his indict-
ment only charged that he and others "did unlawfully, knowingly ,
and intentionally conspire with others both known and unknown to
the Grand Jury, to posses with intent to distribute and to dis-
tribute more than 50 grams of mixture or substance containing a
detectable amount of cocaine base ("Crack"), a Schedule II narcotic
drug controlled substance in violation of Title 21, United States

(27)

Code, Section 841(a)(1) and (b)(1)(A)(iii).

Count one of the indictment did not charge the defendant willful joinder in the conspiracy as an element of the offense.

Defendant respectfully asserts that this Honorable Court should grant this motion because the sentence in this case, which was imposed based upon conduct not included in the indictment, as required elements, resulted in a trial and sentence pursuant to an unconstitutional judicial Amendment to the indictment, imposing a sentence which was not contained in the indictment, In violation of the Fifth and Sixth Amendments given the facts that the indictment did not allege the required "Elements" necessary to invoke juris-diction as to holding a trial or imposing a sentence. See: **In Re Winship**, 397 U.S. 358 (1970) ("The Supreme Court stated that **every element of a crime must be decided by a jury**); **Sullivan v. Louisiana**, 508 U.S. 275 (1993), and **Neder v. United States**, 527 U.S. 1 (1999) as they are applied to failure to plead all the elements of the offense, and failure, by the court, to obtain a jury finding as to [1]; **The contraband amount's**; [2]; **Role in the offense**; [3]; **Leader and Organizer**; [4]; **Used a firearm during a drug trafficking crime**; or [5]; **Obstruction of justice**.

The decision of the trial/sentencing court in the instant matter was unconstitutional and deprived the defendant of due process.

Federal Rules of Criminal Procedure Rule 7 (c)(1) provides that **"the indictment or information must be a plain, concise and a definite written statement of the essential facts constituting the offense charged."**

(28)

Although the element of "Willfully" is not stated in Title 21 U.S.C. § 846 itself, it is an implied and necessary element that the government must prove for a conviction under § 846. **See, e.g.** **United States v. Dubo**, 186 F. 3d 1177 (9th Cir. 1999) ( **"Implied, necessary elements, not present in the statutory language must be included in an indictment."**)

The indictment in the instant case did not comport with the requirements of the indictment, thus the Defendant's conviction and sentence in Count One cannot stand.

(29)

<u>RELIEF REQUESTED</u>

Wherefore, premises considered, it is respectfully requested that this Honorable Court thoroughly investigate this matter and in so doing, that this Court find in the defendant's favor and order that a writ of habeas corpus issue or, the defendant receive the following relief:

1) That this Court grant defendant an evidentiary hearing in the matter.

2) Defendant is entitled to a new trial with an expert analysis of the drugs used to to convict him.

3) Any and all other relief, which this Court, in its wisdom, deems, is fair, just and appropriate in accordance with current law and procedure.


Dated this ____18th____ day of July, 2006


                             Respectfully submitted,

                             JOHN COOLEY # 30139-068
                             UNITED STATES PENITENTIARY-HAZELTON
                             P.O. BOX 2000
                             BRUCETON MILLS, WEST VIRGINIA 26525


(30)

## CERTIFICATE OF SERVICE

I, John Cooley, hereby certify that I have served the attached documents by placing a copy of same in the United States mail, first class, postage pre-paid addressed as follows:

CHRISTIAN A. TRABOLD
ASSISTANT U.S. ATTORNEY
100 STATE STREET, #302
ERIE, PA 16507

Dated this ___16 th___ day of July, 2006.

_____
JOHN COOLEY # _____
USP-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

(31)