# E X H I B I T "A"
## WARRANTY DEED

021735                                          BK 0878 PG 1326

# WARRANTY DEED

**This Indenture, Made the** 7th day of May, in the year of our Lord two thousand two.

**Between,**   JOHN H. COOLEY, JR., of City of Erie, County of Erie, State of Pennsylvania, Party of the First Part,

-AND-

JOSE VELASQUEZ, of the City of Erie, County of Erie and State of Pennsylvania, Party of the Second Part.

**Witnesseth,**  That the said party of the first part, for and in consideration of the sum of Fifty Two Thousand (52,000.00) and No/100 Dollars, lawful money of the United States, to him in hand paid by the said party of the second part, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, has granted, bargained, sold, released and confirmed, and by these presents do grant, bargain, sell, release and confirm unto the said party of the second part, and to his heirs/successors and assigns,

All that certain piece or parcel of land situate in the Fifth Ward of City of Erie, County of Erie and Commonwealth of Pennsylvania, being lot No. Thirty-four (34) in block One (1) of the Warfel Addition to the City of Erie, as more fully described in a plot recorded in the Recorders' Office of Erie County, Pennsylvania, in Deed Book 74, Page 235. Said lot being on the North Side of Twenty First Street between Brandes Street and Elm Street, and having erected thereon a two story frame dwelling commonly known as 1248 East 21st Street, Erie, Pennsylvania.

Being the same premises conveyed to John H. Cooley, Jr. recorded June 28, 2000 in Record Book 712 at page 162.

This deed is also taken subject to easements, restrictions and rights of way of record and/or those that are visible by a physical inspection of the premises.

Party of the first part has no actual knowledge of any hazardous waste, as defined Act No. 1980-97 of the Commonwealth of Pennsylvania, having been or presently being disposed of on or about the property described in this deed.

BK 876 PG 1328

**Together** with all and singular the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues and profits thereof; and also, all the estate and interest whatsoever of the said party of the first part, in law or equity, of, in, to or out of the same;

**To have and to hold** the same, together with the premises hereby granted, or intended so to be, unto the said party of the second part, his heirs/successors, and assigns, to the use of the said party of the second part, his heirs/successors, and assigns, forever. And the said party of the first part, his heirs/successors, executors and administrators, do hereby covenant and agree to and with the said party of the second part, his heirs/successors, and assigns, that the said party of the first part, his heirs/successors, and assigns, all the above, together with the above mentioned and described premises, unto the said party of the second part, his heirs/successors, and assigns, against the said party of the first part and his heirs/successors, and assigns, and against all and every other person or persons whomever lawfully claiming or to claim the same or any part thereof.

Shall and will WARRANT and forever DEFEND by these presents.

**In Witness Whereof**, the said party of the first part has set his hand and seal the day and year first above written.


SIGNED, SEALED and DELIVERED
    In the presence of

_Larry D. Meredith_                         _[signature]_
                                            John H. Cooley, Jr.

BK 0878 PG 1329

STATE OF PENNSYLVANIA   :
                        :   SS.
COUNTY OF ERIE          :

On this, the 7th day of May, 2002, before me, a Notary Public, the undersigned officer, personally appeared, John H. Cooley, Jr., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

In witness whereof, I hereunto set my hand and official seal.

Notarial Seal
Larry D. Meredith, Notary Public
Erie, Erie County
My Commission Expires May 15, 2003

_Larry D. Meredith_
Notary Public

I, <u>Larry D. Meredith, Esquire</u>, hereby certify that the residence of the within grantees is: 1248 East 21st Street, Erie, PA, 16503.

_Larry D. Meredith_
Larry D. Meredith, Esquire

Exhibit "A"

ALL that certain piece or parcel of land situate in the Fifth Ward of the Erie, County of Erie and Commonwealth of Pennsylvania, being lot No. Thirty-four (34) in block One (1) of the Warfel Addition to the City of Erie, as more fully described in a plot recorded in the Recorders' Office of Erie County, Pennsylvania, in Deed Book 74 Page 235. Said lot being on the North Side of Twenty First Street between Brandes Street and Elm Street, and having erected thereon a two story frame dwelling commonly known as 1248 East 21st Street, Erie, Pennsylvania.

This deed is taken under and subject to covenants, restrictions and right of ways of record and/or those that are visible to a physical inspection.

BK 0878 PG 1327

Erie County - Recorder of Deeds
Instrument Filing

Receipt# 532296

Instr# 2002-021735    5/09/2002    10:58:28
        Book# 0878  Page# 1326
Remarks: MEREDITH/VELASQUEZ
        RT 11:03 AM RV

| | |
|---|---:|
| DEED | 13.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | 520.00 |
| ERIE S.D. | 260.00 |
| CITY OF ERIE | 260.00 |
| LOW INCOME HOUSING | 10.50 |
| ERIE CO MGT ACCT | 1.00 |
| ROD REC MGT ACCT | 1.00 |
| Cash | $1,066.00 |
| Total Received....... | $1,066.00 |

2002 MAY -9 A II: 03
RECORDER OF DEEDS
ERIE COUNTY, PA.

Mercedes Velasquez
Sose Veins qu02
1246 R 21 St
Erie PA 16503

Kita's Notary
c/o John-Henry: coolet[s]
3957 Zimmerman Rd
Erie PA 16510

7004 2510 0007 3994 9639

CERTIFIED MAIL

$4.05



# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA  
: SS.  
COUNTY OF ERIE

On this, the 12 day of Dec, 2005, before me, a Notary Public in and for said County and State, personally appeared Mercedes Velasquez, agent for Jose Velasquez, (known to me) (or proved to me on the basis of satisfactory evidence) and states that her brother paid John H. Cooley, Jr. the full consideration of $52,000.00 for the property located 1248 East 21st Street, Erie, Pennsylvania, 16503, and there is no balance due of $18,500.00 on the property. John H. Cooley, Jr. has been paid in full and is not entitled to any additional compensation in this matter.

_____  
Mercedes Velasquez

Sworn to and subscribed before me, this 12 day of Dec, 2005

Mandy L. Salas

COMMONWEALTH OF PENNSYLVANIA  
Notarial Seal  
Mandy L. Salas, Notary Public  
City Of Erie, Erie County  
My Commission Expires Dec. 20, 2008  
Member, Pennsylvania Association of Notaries

ARTICLES OF AGREEMENT

THIS AGREEMENT, made this 21th day of August, 2000, by and between

**JOHN H. COOLEY, JR.**, of the City of Erie, County of Erie and State of Pennsylvania, hereinafter called "Seller",

-and-

**JOSE VELASQUEZ**, of the City of Erie, County of Erie and State of Pennsylvania, hereinafter called "Purchaser".

WITNESSETH

The parties hereto, intending to be legally bound, mutually agree as follows:

1. Seller hereby agrees to sell and convey to Purchaser, who agrees to purchase, subject to the performance by Purchaser of all the covenants, provisions and conditions hereinafter set forth, ALL THAT CERTAIN piece or parcel of land situate in the City of Erie, Pennsylvania, being more fully described in Exhibit "A" attached hereto, for the sum of Seventy Seven Thousand (77,000) and 00/100ths Dollars, subject to the following terms and conditions:

   a) There shall a down payment of Fifteen Thousand (15,000) Dollars and No/100 Cents payment is acknowledged by the signing of this agreement.

   b) The balance of the purchase price at One (6) percent per anum to be paid in three hundred eighty eight (388) monthly installments of Four Hundred Fifty Dollars and No/100ths (450.00) Dollars beginning on September 1, 2000 and on the 1st day of each month thereafter until the entire purchase price shall have been fully paid by the Purchaser.

   c) If the purchasers shall not pay any monthly installment by the Seventh (7th) day of any month during this agreement than a late payment fee of Ten and 00/100ths (10.00) Dollars shall be added to that monthly installment.

   d) Upon payment by Purchaser of Seventy Seven Thousand and 00/100ths (77,000.00) Dollars on account of principal as aforesaid, and upon full compliance with the terms and provisions set forth herein, Sellers agree to execute and deliver to

Purchaser a general warranty deed for said premises.

e) Upon payment by Purchaser of Seventy Seven Thousand and 00/100ths (77,000.00) Dollars on account of principal as aforesaid, Sellers shall advise Purchaser by written notice that closing is to take place within thirty (30) days from the date of notice. Purchaser shall thereupon make all necessary arrangements for closing. Purchaser agrees to execute any and all documents incidental thereto and to pay the necessary costs thereof, except state and/or local transfer taxes, which sellers agree to pay in full.

f) In addition to the foregoing monthly payment of principal, Purchaser agrees to pay the following and to submit proof of payment of same, upon demand, to Seller:

1) The Purchaser shall be totally responsible for the property taxes assessed against this property for the year 2001 and the duration of the agreement. The property taxes for the current year (2000) shall be pro rated as of the day of the signing of this agreement.

2) All gas, electric, garbage, water, sewer and any and all other charges and assessments which shall become due and payable concerning the subject property, when and as the same become due and payable.

2. Purchaser agrees to obtain, as of the date of possession of the subject property, hazard insurance coverage with a reputable insurance company in an amount of no less than $77,000.00. Said coverage shall name Sellers as the Loss Payee. Said insurance shall be renewed at each policy renewal date, and proof of coverage and payment for same shall be submitted to Sellers upon demand.

3. Purchaser shall have the right and privilege of paying additional sums on account of principal prior to closing, so that closing may occur sooner.

4. The premises are to be conveyed free and clear of all liens and encumbrances, except for existing restrictions and easements of record and/or physically noticeable street improvements, if any, and provisions of the zoning ordinance affecting the use of said premises.

5. Purchaser shall assume and be responsible for the maintenance of said premises in good order and repair from the date hereof, and shall keep and hold Seller safe and harmless from any and all claims for work and labor done or materials furnished in connection with maintaining the said premises in good order and repair. No major improvements or alterations shall be made to the premises without the written consent of Sellers.

6. If Purchaser shall make any improvements or alterations

on the premises during the course of this agreement and should the Purchaser default on the terms and conditions of this agreement then those improvements or alterations shall become the exclusive property of the sellers.

7. In the event Purchaser default for Ninety (90) days in any of the terms and provisions of this Agreement, Sellers shall have the right to terminate this Agreement and demand immediate possession of the premises upon thirty (30) days' written notice, and thereupon all rights and obligations under this Agreement shall cease and terminate, and all payments made by Purchaser shall be retained by Sellers as liquidated damages. In addition, as to any principal and interest due and payable by the time Sellers regain possession, Purchaser hereby authorizes and empowers any attorney of any Court of Record in this State, or elsewhere, to appear for Purchaser and confess a judgment for said amount remaining unpaid with six percent (6%) attorney's commission or fee.

8. If Purchaser is in possession of the premises at the time the Sellers should declare the Agreement terminated, Purchaser hereby authorizes any attorney, as attorney for them, to sign an Agreement for entering in any competent court, an amicable action and judgment in ejectment against Purchaser and all persons claiming under them, for the recovery of Seller of possession of the premises, for which this shall be sufficient warrant; and thereupon a Writ of Possession may issue forthwith, without any prior proceedings whatsoever, and Purchaser hereby releases Sellers from all errors and defects whatsoever in entering such action of ejectment, or causing such Writ of Possession to be issued, or any proceeding thereon, or concerning the same, and hereby agree that no writ of error, objection or exception, shall be made or taken thereto.

9. Purchaser agrees that this Agreement shall be recorded in any public office and that such recording shall not, at the option of Sellers, render this Agreement null and void and all monies paid at the time of said recording shall not be forfeited by Purchaser.

10. This Agreement is not assignable by Purchaser without the written consent of Sellers.

11. Sellers shall not in any way encumber this property or use said property for collateral for any loan without the specific written consent of the Purchaser.

12. This property is being conveyed in "AS IS" condition.

13. The failure of Sellers to insist on strict performance by Purchaser, of the terms of this Agreement shall not be construed as a waiver, release or relinquishment thereof.

14. This Agreement represents the entire agreement between

the parties hereto, and shall extend to and be binding upon their heirs, executors and assigns.

15. This Agreement shall be construed under the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, the parties hereunto set their hands and seals the day and year aforesaid.

_____
John H. Cooley, Jr. Seller

_____
Jose Velasquez, Purchaser


COMMONWEALTH OF PENNSYLVANIA    )
                                )  SS.
COUNTY OF ERIE                  )

On this, the 2st day of August, 1999, before me, a Notary Public, the undersigned officer, personally appeared John H. Cooley, Jr., Seller and Jose Velaquez, Purchaser, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and seal.

Notarial Seal
Larry D. Meredith, Notary Public
Erie, Erie County
My Commission Expires May 15, 2003

_____
NOTARY PUBLIC