# EXHIBIT "H"

1  in Courtroom C; and reconvened in Judge's Chambers at
2  2:35 p.m., as follows:)
3          THE COURT: Let's get on the record here. Let me
4  ask the government, first of all, with respect to the rough
5  draft which we gave you, requests for admissions, deletions,
6  modifications, etc.?
7          MR. TRABOLD: I do have a request for an addition.
8  In my quick cursory reading, the instruction contains this. I
9  have what is captioned non-expert witnesses on drugs. I don't
10 know, I don't think I've provided this to counsel, your Honor.
11 It's down at the bottom and it's essentially a statement that
12 in order to prove that a substance involving the conspiracy was
13 crack, I don't have to bring in expert chemists.
14 Circumstantial evidence, as it comes from witnesses who
15 distributed is sufficient. I think that is important in the
16 case to demonstrate that, to make it clear to the jury they
17 don't have to actually have a lab report.
18         THE COURT: You didn't seize any drugs, correct, to
19 test?
20         MR. TRABOLD: Correct. With a historical conspiracy
21 you wouldn't have any expert testimony.
22         THE COURT: Why don't you take a look at, I think
23 for the record this is -- look at instruction nine, tell me
24 what you have to say; it appears to me to be an accurate
25 statement?

1    MS. FRICK: I think this is an accurate statement of
2 the law, sure.
3    THE COURT: We'll give it. Just so the record is
4 clear, the charge dealt with non-expert testimony being
5 sufficient to prove that something is cocaine. Was there
6 something else?
7    MR. TRABOLD: That's all I have from my end, your
8 Honor.
9    THE COURT: I know we have not yet incorporated your
10 requests, but I want to talk to you about that.
11    MS. FRICK: My only thing in the charge, the rough
12 draft you gave us, your Honor, I routinely make this request,
13 although some standard charges have it, some don't, it's on
14 page six, a reasonable doubt is a doubt that fairly arises out
15 of all the evidence or the lack of evidence and is based upon
16 reason. It's the first sentence in the first full paragraph.
17 All I ask you is that you put arise out of all the evidence or
18 lack of evidence.
19    THE COURT: No, I'm not going to say that. The
20 evidence subsumes what it is and what it is not. To say lack
21 of evidence to me injects a subtle, injects a bias into the
22 case.
23    MS. FRICK: I understand. What you have -- it does
24 subsume what is and what isn't, I don't think they know that
25 the unless we tell them.

```
1              MR. TRABOLD:  I disagree.
2              THE COURT:  I've already ruled, let's go on.  What
3    else?
4              MS. FRICK:  That's all I see in the standard charge.
5              THE COURT:  Let's talk about your points.  What is
6    the government's position with respect to point number one?
7              MR. TRABOLD:  I think the points pretty accurately
8    reflect the standard instruction in that regard.
9              THE COURT:  We'll give it.  And, similarly, with
10   respect to two, with regard to drug abusers?
11             MR. TRABOLD:  My only caveat with both of these, any
12   objection to them I think really reflects the standard
13   instructions, but rather than have you list by name the people
14   that it's applicable to, I would just ask you to say there has
15   been evidence presented that witnesses --
16             THE COURT:  I never do, I never summarize the
17   individuals, I just give a general charge.  We're going to give
18   one and two.  I rely on the jury to remember who testified.
19             MS. FRICK:  I got that from the standard.
20             THE COURT:  What's your position on request number
21   three?
22             MR. TRABOLD:  I think that's really reflects the
23   standard instruction.
24             THE COURT:  We'll give it, too.
25             MR. TRABOLD:  I don't think there's any dispute.
```

Case 1:02-cv-00164-SJM-SPB Document 28-10 Filed 07/20/2006 Page 5 of 7

1  THE COURT: I do have a question I want to briefly
2  raise to make sure everybody is on the same page. Look at page
3  10 of my proposed charge, if you would. The elements, the
4  third prong. Conspiracy had a specific and unlawful purpose of
5  distributing or possess with the intent to distribute 50 or
6  more grams of crack cocaine. That does not appear in the
7  government's proposed charge, that specific prong. When was
8  this indictment charged, do you know what date?
9  MR. TRABOLD: November or December of last year.
10  THE COURT: Quite frankly, I'm just trying to orient
11  myself, in terms of time, I think there was an Apprendi prong
12  that may have been inserted here and lifted from one of my
13  previous charges. My thinking was that it was there. In any
14  event, you have no objection to that, is that right?
15  MS. FRICK: No, absolutely not.
16  THE COURT: If the government has no objection, I
17  want to make sure where everybody is on the same page -- you
18  may not have seen it.
19  MR. TRABOLD: I think the better practice here would
20  be to say that the conspiracy had the specific and unlawful
21  purpose to distribute or possess with intent to distribute
22  crack cocaine. With the fourth prong that says the conspiracy,
23  the fourth prong that references the amount.
24  THE COURT: Broken out you mean?
25  MR. TRABOLD: Yes. My understanding of the law is I

150

1  don't have to show, I don't have to show there was a specific
2  intent to distribute 50 grams or more of crack cocaine, there
3  is a specific intent to distribute crack cocaine.
4       THE COURT: That in fact 50 or more grams were
5  distributed?
6       MR. TRABOLD: Correct.
7       THE COURT: I think that may be right. In other
8  words, but you do agree there is an Apprendi issue --
9       MR. TRABOLD: Without question the jury has to
10 return, pass on an amount, without question under Apprendi.
11      THE COURT: There is case law on this, I don't know
12 what it is, we'll look at it.
13      MS. FRICK: I need to look at it, too. Frankly, I'm
14 thinking they do have to show that.
15      THE COURT: You have until tomorrow morning to get
16 whatever you want to me. We'll look at it independently.
17 Anything else then from your standpoint, it's a pretty
18 straightforward charge?
19      MR. TRABOLD: Other than before we start in with it,
20 if it's okay with the court to stand up and say I present
21 Government Exhibits, I think it's 19 and 20, the pictures of
22 Marco Martinez and Paul Johnson.
23      THE COURT: That's fine. The only other thing I
24 want to mention briefly we didn't yet prepare our verdict slip.
25 But I would simply propose something along the lines, do you

151

1  find that the government has proved beyond a reasonable doubt
2  that the defendant guilty of, and then just set forth the
3  language from the indictment -- yes, no.  If anybody can think
4  of a better way to do it or we can do it shorter than that.
5        MR. TRABOLD:  I was just thinking the verdict slip
6  should say just in the matter tried between the United States
7  and Cooley, our verdict is guilty or not guilty.
8        THE COURT:  That is really a minimalist approach.
9  How about yes, no.  Let the record reflect half laughter at
10 that point.  Do you have anything on this one way or the other?
11       MS. FRICK:  No, not really.  I don't have an
12 objection to setting forth the way it's charged in the
13 indictment.  They can specifically say that.
14       THE COURT:  I'll look at what we've done, we'll have
15 something to look at tomorrow.  Whatever it is, it can't be
16 wrong, whether it's short or long or more or less, it is what
17 it is.  Okay, then, let's just talk about, before we go our
18 separate ways, a little bit about our timing.  We covered a
19 fair amount of ground in a short amount of time, how long do
20 you think your closing is going to be, do you have any idea?
21       MR. TRABOLD:  I have no idea, your Honor, I have a
22 lot of ground to cover, it's been upwards of, I think 20 some
23 people testified.  I may be longer than an hour.
24       THE COURT:  At least an hour?
25       MR. TRABOLD:  Yes.