IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 02-40 Erie |
| | ) | |
| JOHN COOLEY | ) | |

**GOVERNMENT'S MOTION TO DISMISS**
**DEFENDANT'S MOTION TO VACATE JUDGMENT**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

1. On December 9, 2003, the defendant, John Cooley, was convicted by a jury of conspiracy to distribute crack cocaine. Cooley was sentenced on February 25, 2004, to a term of life imprisonment. Cooley timely appealed his conviction and sentence to the Third Circuit. On June 20, 2005, the Third Circuit affirmed Cooley's judgment of conviction but vacated his judgment of sentence and remanded for re-sentencing consistent with Booker. On October 21, 2005, this Court re-sentenced Cooley to a term of life imprisonment.

2. Once again, Cooley, represented by Bruce Sandmeyer, filed a timely appeal to the Third Circuit at docket number 05-4735. That appeal is currently still pending before the Third Circuit. The last entry on the docket indicates that the case is scheduled

for oral argument on October 27, 2006.

3. Despite the pending appeal, on July 20, 2006, Cooley, acting *pro se*, filed a Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255. On July 21, 2006, this Court issued an Order directing the Government to file its Brief in Opposition on or before August 10, 2006.

4. The well-established general rule is that, absent extraordinary circumstances, a district court should not consider § 2255 motions while a defendant's direct appeal is pending. U.S. v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993) (citing United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979); accord Pierce v. United States, 976 F.2d 369, 371 (7th Cir.1992); United States v. Esposito, 771 F.2d 283, 288 (7th Cir.1985), cert. denied, 475 U.S. 1011 (1986); see also United States v. Khoury, 901 F.2d 975, 976 (11th Cir.1990); United States v. Taylor, 648 F.2d 565, 572 (9th Cir.), cert. denied, 454 U.S. 866 (1981); Welsh v. United States, 404 F.2d 333 (5th Cir.1968); Womack v. United States, 395 F.2d 630, 631 (D.C.Cir. 1968)). The rationale for the rule is that the disposition of the direct appeal may render the § 2255 motion moot. Robinson, 8 F.3d at 405 (citing Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)).

5. The issue for this Court then is whether extraordinary circumstances exist warranting an exception to the general rule. See Robinson, 8 F.3d at 405 (the evaluation of whether extraordinary circumstances exist is left to the sound discretion

of the district court).  This Court's evaluation requires a weighing of the need for speedy relief against the need for conservation of judicial resources.  <u>Robinson</u>, 8 F.3d at 405 (citing <u>Davis</u>, 604 F.2d at 485).

6. The Government submits that none of Cooley's claims presents extraordinary circumstances. All of his claims relate to routinely raised issues of ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct.  The Government submits that Cooley's claims are all meritless.[1]

WHEREFORE, the Government respectfully requests this Court to dismiss the defendant's § 2255 Motion to Vacate.

                                  Respectfully submitted,

                                  MARY BETH BUCHANAN
                                  United States Attorney

                                  /s/ Christian A. Trabold
                                  CHRISTIAN A. TRABOLD
                                  Assistant U.S. Attorney
                                  PA ID No. 75013

---

[1] In the event that this Court determines that one or more of Cooley's claims presents extraordinary circumstances which would warrant this Court's review, the Government requests this Court, upon such a finding, to issue a new briefing schedule so that the Government can respond to the merits of the claim.