IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 06-165 Erie |
| ) | Criminal No. 02-40 Erie |
| ) | Judge Sean J. McLaughlin |
| v. ) | |
| ) | |
| JOHN COOLEY, ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

      This matter is before the Court upon Defendant John Cooley's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255.

      On December 9, 2003, the defendant, John Cooley, was convicted by a jury on charges of conspiracy to distribute crack cocaine. On February 25, 2004, Cooley received a sentence to a term of incarceration for life. Cooley timely appealed his conviction and sentence to the Third Circuit. On June 20, 2005, the Third Circuit affirmed his judgment of conviction but vacated the sentence and remanded for re-sentencing consistent with Booker. On October 21, 2005, Cooley was re-sentenced to a term of life imprisonment.

      Cooley filed a timely appeal of the re-sentence to the Third Circuit on October 31, 2005. This appeal is still pending before the Third Circuit. Nonetheless, on July 20, 2006, Cooley filed the instant 2255 motion. On July 27, 2006, the government responded to Cooley's 2255 motion.

      In their response, the government cites the well-established rule that, absent extraordinary circumstances, a district court should not consider § 2255 motions while a defendant's direct appeal is pending. See, e.g., Kapral v. United States, 166 F.3d 565, 572 (3rd Cir. 1999) ("[D]efendants have long been discouraged from commencing § 2255 proceedings before the conclusion of direct review.") (citing, e.g., Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)); United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993) (citing United States v. Davis, 604 F.2d 474 (7th Cir. 1979); see also Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note (1997) (§ 2255 motion "is inappropriate if the movant is simultaneously appealing the decision."). The

rationale behind the rule is that the disposition of the direct appeal may render the § 2255 motion moot. Robinson, 8 F.3d at 405 (citing Welsh, 404 F.2d 333).

Evaluation of whether extraordinary circumstances exist is left to the sound discretion of the trial judge. Robinson, 8 F.3d at 405. "Whether extraordinary circumstances exist is a question the answer to which depends upon the need for speedy relief against the need for conservation of judicial resources." Id. (citing Davis, 604 F.2d at 485). Here, Cooley's claims all relate to routinely raised issues of ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct. A review of the motion indicates that none of these claims invoke extraordinary circumstances such as to necessitate a deviation from the general prohibition against simultaneously filing a direct appeal and a § 2255 motion. Accordingly, Cooley's § 2255 motion is dismissed without prejudice to re-file following the resolution of his direct appeal.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 06-165 Erie |
| ) | Criminal No. 02-40 Erie |
| ) | Judge Sean J. McLaughlin |
| v. ) | |
| ) | |
| JOHN COOLEY, ) | |
| ) | |
| ) | |

**ORDER**

AND NOW, this 15nd day of August, 2006, for the reasons set forth above, it is hereby ORDERED that Respondent's Motion to Dismiss is GRANTED and Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm:   All parties of record.