AUGUST 31, 2006



TO: THE HONORABLE SEAN J. McLAUGHLIN
    UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF PENNSYLVANIA
    U.S. COURTHOUSE, ROOM A250
    17 SOUTH PARK ROW
    ERIE, PA  16501


FROM: JOHN H. COOLEY, JR.
      REG. NO. 20139-068
      USP-HAZELTON
      P.O. BOX 2000
      BRUCETON MILLS, WEST VIRGINIA 26525


RE: MEMORANDUM OPINION AND ORDER/BEING DENIED ACCESS TO THE COURT:
    MOTION LETTER; TO CASE # 06-165; CRIMINAL # 02-40:

    YOUR HONORABLE SEAN J. McLAUGHLIN:

        This is a motion letter to inform your Honorable Court

that I have been denied access to the court due to the misconduct

my staffmembers is at USP-Hazelton. Please review the enclosed

complaint I have filed in regards to this misconduct by the staff-

memebers of the mail room here at USP-Hazelton. Your Honor, my

soul reasons for informing your court of this viclation by staff

here at USP-Hazelton is due to me not having the opportunity to

reply to the government's response on or about July 27, 2006, I

received this response late and well after your opinion and order

that was entered on or  about August 16, 2006.

        Your Honorable McLaughlin, I, John H. Cooley, Jr.,  now

respectfully moves that this Honorable Court reconsider it's order

(1)

entered on or about August 16, 2006, and stay the proceedings until I the defendant have had the opportunity to properly reply to the government's response to my §2255 motion. I would also, respectfully request that this Honorable Court shall review the judgment pursuant to Fed. R. Civ. P. 59(e) to vacate the judgment entered on or about August 16, 2006, which the district court denied petitioner's motion to vacate judgment pursuant to 28 U.S.C. § 2255, due to the prison officials negligent interference which violated my federal constitutional and statutory rights. [**Please see Exhibits "A" and "B" hereto**].

WHEREFORE: I respectfully pray that you will review the enclosed documents and reconsider your denial of my §2255 motion in the interest of justice, and grant me any and all other relief in this Honorable Court's wisdom it demms just and proper.

Respectfully submitted by,

JOHN H. COOLEY, JR., PRO-SE
REG. NO. 20139-068
USP-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

** <u>A COPY OF THIS MOTION LETTER HAS BEEN FORWARD TO ALL PARTIES OF RECORD.</u>

---

E  X  H  I  B  I  T  "A"

MEMORANDUM OPINION AND ORDER

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                             )    Civil No. 06-165 Erie
                             )    Criminal No. 02-40 Erie
                             )    Judge Sean J. McLaughlin
        v.                   )
                             )
JOHN COOLEY,                 )
                             )
                             )

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant John Cooley's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255.

On December 9, 2003, the defendant, John Cooley, was convicted by a jury on charges of conspiracy to distribute crack cocaine. On February 25, 2004, Cooley received a sentence to a term of incarceration for life. Cooley timely appealed his conviction and sentence to the Third Circuit. On June 20, 2005, the Third Circuit affirmed his judgment of conviction but vacated the sentence and remanded for re-sentencing consistent with <u>Booker</u>. On October 21, 2005, Cooley was re-sentenced to a term of life imprisonment.

Cooley filed a timely appeal of the re-sentence to the Third Circuit on October 31, 2005. This appeal is still pending before the Third Circuit. Nonetheless, on July 20, 2006, Cooley filed the instant 2255 motion. On July 27, 2006, the government responded to Cooley's 2255 motion.

In their response, the government cites the well-established rule that, absent extraordinary circumstances, a district court should not consider § 2255 motions while a defendant's direct appeal is pending. <u>See</u>, <u>e.g.</u>, <u>Kapral v. United States</u>, 166 F.3d 565, 572 (3rd Cir. 1999) ("[D]efendants have long been discouraged from commencing § 2255 proceedings before the conclusion of direct review.") (citing, <u>e.g.</u>, <u>Welsh v. United States</u>, 404 F.2d 333 (5th Cir. 1968)); <u>United States v. Robinson</u>, 8 F.3d 398, 405 (7th Cir. 1993) (citing <u>United States v. Davis</u>, 604 F.2d 474 (7th Cir. 1979); <u>see also</u> Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note (1997) (§ 2255 motion "is inappropriate if the movant is simultaneously appealing the decision."). The

rationale behind the rule is that the disposition of the direct appeal may render the § 2255 motion moot. Robinson, 8 F.3d at 405 (citing Welsh, 404 F.2d 333).

Evaluation of whether extraordinary circumstances exist is left to the sound discretion of the trial judge. Robinson, 8 F.3d at 405. "Whether extraordinary circumstances exist is a question the answer to which depends upon the need for speedy relief against the need for conservation of judicial resources." Id. (citing Davis, 604 F.2d at 485). Here, Cooley's claims all relate to routinely raised issues of ineffective assistance of counsel, insufficient evidence, and prosecutorial misconduct. A review of the motion indicates that none of these claims invoke extraordinary circumstances such as to necessitate a deviation from the general prohibition against simultaneously filing a direct appeal and a § 2255 motion. Accordingly, Cooley's § 2255 motion is dismissed without prejudice to re-file following the resolution of his direct appeal.

Case 1:02-cr-00040-SJM    Document 131-1    Filed 08/16/2006    Page 3 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  )
                           )    Civil No. 06-165 Erie
                           )    Criminal No. 02-40 Erie
                           )    Judge Sean J. McLaughlin
              v.           )
                           )
JOHN COOLEY,               )
                           )
                           )

## ORDER

AND NOW, this 15nd day of August, 2006, for the reasons set forth above, it is hereby ORDERED that Respondent's Motion to Dismiss is GRANTED and Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm:    All parties of record.

E   X   H   I   B   I   T   "B"

INFORMAL RESOLUTION FORM/ COMPLAINT

(16)

"Without Prejudice"                              "under necessity"

                              HAZ:     1330.13
                              DATE:    October 25, 2004
                              SUBJECT: Administrative Remedy
                                       Program
                              PAGE:    Attachment A


            UNITED STATES PENITENTIARY HAZELTON


            REQUEST FOR ADMINISTRATIVE REMEDY
                 INFORMAL RESOLUTION FORM


Bureau of Prisons Program Statement 1330.13, Administrative Remedy
Procedures for Inmates, states that before the inmate seeks formal review
of a complaint, he must try to resolve the complaint informally before the
inmate will be given an Administrative Remedy Form.  The informal
resolution process should be completed within five (5) working days.

| INMATE'S NAME: John-Henry: Cooley® | REG. NO. 20139-068 | UNIT: E-2 |
|---|---|---|

1.  Specific Complaint:  On or about 8/11/06, my name was on the call-out
sheet for legal mail pick-up for the 14th of August 2006.  However, the facility went on
on lock-down status on the 12th, 13th & 14th.  On the 15th, I went to the mailroom to
the mailroom to attempt to pick-up the parcel that  I was expecting from the court.  Upon
my arrival, I was informed by the mailroom staff the they could not... **SEE ATTACHMENT**

2.   Relief Requested: 1) That all my legal mail be processed as such. 2) To be informed of the policy
or statute that authorizes the mail room staff to withhold my legal mail. 3) An explanation of why my mail was
removed from its original contents/envelope when it was clearly labeled as legal mail.  4) I would like assurance
that such abuse of authority and tampering will cease and desist since there exist no justification for such.
5) That an official investigation be conducted and a memorandum of the incident filed in all parties' files.

3.   Date of Incident: 8-25-06 & 8-28-06

4.   Date Informal Resolution Form Issued to Inmate: 8-29-06

5.   Date/Time Informal Resolution Form Received From Inmate:

6.   Date/Time Informally Discussed With Inmate:

7.   Staff Response: _____

_____

_____

_____

8.   Date Administrative Remedy Provided:

9.   Informal Resolution was/was not accomplished:

| Inmate's Signature/Register Number: | Date: |
|---|---|
| Staff Member's Name and Title: | Date: |
| Unit Manager's Signature: | Date: |

## Attachment

... locate any mail addressed to me and tried to tell me that I was
never on the call-out to receive any legal mail.  I humbly requested
that they look on the call-out sheet for the date of August 14th, 2006
and he did see my name but could not locate my legal mail.  The mail
room staff asked me if it had been given to me on 8/11/06 and I told
them no.

The mail room staff failed, refused or neglected to pick-up legal mail
on the 11th and the 14th from the housing units.  I informed them that
the Courts had a deadline to answer my filing by the 10th of the month.
They repeatedly stated that they did not have any mail for me.

Several days later, I was called back to the mailroom to pick-up legal
mail that had in fact arrived from the court.  It was a COURT ORDER
and the ORDER had also mentioned/stated a response/court reply had
been mailed out to me and I never got that regarding the filing that
I currently have pending.

On 8/25/06, at approximately 5:40 pm, a list was put up in the Unit
by the Unit Officer regarding mail.  My name was on this list so I
approached the officer to pick it up.  Upon receiving the mail, I noticed
that it was legal mail directly from the court but placed in a plain
envelope with no postage, no sender's address, no post marks/dates
and only had my name and inmate number on it.  It was obvious from
the appearance of the mail matter that someone had opened it, removed
the contents, and placed it in another envelope.  All was done outside
of my presence and there is no way that such a document was not read.
There was no other way to determine who it belonged to after it was
taken from its original envelope.

I was forced to refuse the mail because it was a Court Order from July
2006 in which I had a deadline to send in a reply/response.  I gave
the mail matter back to the Unit Officer and explained to him why I
had to do such.  I also requested that he call a Lieutenant, which
he did.  I also spoke to a Lieutenant and the S.I.S. Lieutenant Thomas
who was working in the dining hall.

All of the above-mentioned actions are contrary to Program Statements
5265.11, Correspondence;  5800.10, Mail Management Manual; and 1315.07,
Legal Activities, Inmate.  Each and every one of these policies has
the specific enumerations that protect my liberties regarding my access
to the courts.  There is no excuse for me to miss a court deadline
because of the misapplication of policy.