NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4735

———————

UNITED STATES OF AMERICA

v.

JOHN COOLEY,
Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 02-cr-00040E)
District Judge:  Honorable Sean J. McLaughlin

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 27, 2006
Before: Smith, Weis, and Nygaard, Circuit Judges.
Filed: November 8, 2006

———————

OPINION

———————

WEIS, Circuit Judge.

      Between 1992 and 2002, defendant Cooley was the kingpin of a massive drug distribution ring centered in Erie, Pennsylvania. On December 9, 2003, a jury found Cooley guilty of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. The District Court imposed a sentence of life imprisonment,

1

calculated under the Guidelines then in effect. The sentence included enhancements for (1) trafficking in over 1.5 kilograms of crack cocaine, (2) being the leader and organizer of a criminal activity involving five or more participants, (3) possessing a firearm during the conspiracy, and (4) attempting to obstruct the administration of justice.

Defendant appealed his conviction and sentence to this court, alleging error in two of the District Court's evidentiary rulings and arguing that his sentence was unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005). We affirmed Cooley's conviction but remanded for resentencing in light of Booker.

The District Court conducted a sentencing hearing on October 18, 2005 and again imposed a life sentence. Defendant now appeals that sentence, alleging that the district judge engaged in impermissible judicial factfinding and that the life sentence is per se unreasonable.

Defendant argues that the facts supporting the enhancements should have been submitted to a jury. He alleges that the enhancements increased his penalty beyond the statutory maximum sentence for the crime for which he was convicted. This argument is not persuasive.

The "statutory maximum" sentence is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Booker, 543 U.S. at 228 (quoting Blakely v. Washington, 542 U.S. 296, 303 (2004)) (emphasis in original). In Booker, the Court reaffirmed its holding in Apprendi v.

New Jersey, 530 U.S. 466 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker 543 U.S. at 244.

In Booker, as we have recognized, the Court held that the "mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment." United States v. Davis, 407 F.3d 162, 163 (3d Cir. 2005) (citing Booker, 543 U.S. at 244). Booker did not hold, however, that the discretionary application of enhancements under the Guidelines violated the Sixth Amendment. Instead, "In the aftermath of Booker, the Federal Sentencing Guidelines once a mandatory regime circumscribing the discretion of district court judges are 'effectively advisory.'" Davis, 407 F.3d at 163 (quoting Booker, 543 U.S. at 245). Under the advisory guidelines system, a reasonable enhancement applied at the District Court's discretion does not exceed the statutory maximum.

The District Court in this case appropriately recognized that the Guidelines are now only advisory and considered that calculation along with the other factors listed in 18 U.S.C. § 3353(a). See Davis 407 F.3d at 163. Using this approach, the District Court concluded that life imprisonment was the appropriate punishment for the defendant. There was sufficient evidence in the record at sentencing from which the District Court could conclude that these enhancements were appropriate. The defendant's suggestion

3

that a jury had to find the facts supporting these enhancements is at odds with <u>Booker</u> itself and our post-<u>Booker</u> jurisprudence.

Further, this sentence was not unreasonable. We have carefully reviewed the sentencing proceedings and have thoroughly scrutinized the presentence report. After calculating the Guidelines range, the District Court thoughtfully considered the § 3553(a) factors, explaining how these factors applied to defendant. The life sentence in this case is severe, but it is one that is authorized by Congress and it is not unreasonable given the breadth and depth of the defendant's drug ring.

Accordingly, we will affirm the judgment of sentence.