IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PENNSYLVANIA

'07 MAY -3 P2:20

| | |
|---|---|
| JOHN H. COOLEY, JR., ) | |
| DEFENDANT/PETITIONER, ) | CIVIL ACTION NO. |
| v. ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL INDICTMENT |
| PLAINTIFF/RESPONDENT. ) | NO. 02-40 |

### DEFENDANT' REQUEST TO AMEND HIS
### RULE 2255 MOTION

Defendant John H. Cooley, Jr., acting pro-se, in the above entitled matter respectfully request to amend and/or supplement his pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal custody ("Rule 2255 Motion") based on issues that is before Congress on the 100:1 ratio on the crack cocaine law, and before the United States Supreme Court in regards to <u>Claiborne v. United States</u>, No. 06-5618, and <u>Rita v. United States</u>, No. 06-5754, that orally argued in the U.S. Supreme Court on February 20, 2007.

In the case at bar, Defendant was convicted of a conspiracy to possess cocaine and crack cocaine. Defendant was sentenced under the crack cocaine law based on the 100:1 ratio under the crack cocaine law. Defendant has recently heard

(1)

that Congress is considering to change the crack cocaine law in the very near further. Also, before the United States Supreme Court there are two very important cases Claiborne and Rita, supra, that the U.S. Supreme Court has before it. Claiborne v. United States, No. 06-5618, in which a below-guideline sentence was reversed by the appeals court as unreasonable; and Rita v. United States, No. 06-5754, in which a within-guideline sentence was affirmed by the appeals court. These two cases are very important to defendants and will set the course of federal sentencing.

Wherefore, premises considered, it is the prayerful and respectful request of the defendant that this Honorable Court grant him the permission to amend and/or supplement the cases requested to amend and/or supplement in the interest of justice, as well as any and all other relief that may be just and proper in this regard.

Dated: April 30th, 2007

Respectfully submitted,

JOHN H. COOLEY, JR. / PRO-SE
REG. No. 26139-068
USP-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WV 26525

(2)

### *The District Court committed a "Blakely" error by sentencing Movant above the maximum sentence alowed by the indictment and Jury verdict. Therefore, violating his Sixth Amendment right.*

See *U.S. v Hughes*, 401 F. #d 540, 547 (4th Cir 2005).
"[A] District Court commits plain error that affects a Defendant's substantial rights when, operating under a pre-Booker mandatory Guidelines regime, it imposes a Sentence that exceeds the Maximum Guideline Sentence authorized by the jury verdict (or the facts admitted by the Defendant)".

See *Booker* 543 U.S. at 244 (" Any fact 'other than a prior conviction' which is necessary to support a Sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the Defendant or proven to a jury beyond a reasonable Doubt.")

There is little trouble here to conclude that there was a Sixth Amendment error, the error was plain, and it affected Cooley's substantial rights. *See e.g., U.S. v. Olano*, 507 U.S. 725, 734-35, 113 S. Ct 1770, 123 L. Ed.2d 508 (1993). The jury did not attribute a specific drug weight to Cooley and he did not admit to any specific weight. Instead, the District Court made the drug quantity findings. In using those judicial findings of fact to increase Cooley's sentence beyond the maximum authorized by the jury verdict, the District Court violated Cooley's Sixth Amendment Rights.

Movant asserts that in all actuality the offense level should have been a level 12 with a criminal history of 1, which would have placed Movant at the guideline range of __12 to 18__.

Movant was sentenced before *Booker,* was decided and he made a *Blakely* objection to the presentence report.*(See sentencing transcripts)*. The District Court denied the objection and proceeded to sentence Movant to the preponderance of evidence standard and gave Movant a life sentence.

This clearly violated Movants Sixth Amendment *See U.S. V. Moore ,U.S. App. Lexis 3452:: February 15 2007 (4th Cir)* (Therefore, the District Court's adoption of the drug quantity used to establish Moore's base offense level under Sec. 2D1.1 and the weapon enhancement pursuant to Sec. 2D1.1(b)(1) violates the Sixth Amendment under *Booker* because each requires factual finding that goes beyond that admitted by Moore. Had the District Court counted only the lowest level for quantity of Cocaine and eliminated the weapon enhancement, the offense level for count Two would be 12, *See USSG Sec. 2D1.1 (c)(14)* (less than 25 grams of Cocaine). Moore had Six Criminal history points, which placed him in a Category III. His guideline range would be 15-21 months. Moore's 108 - month sentence thus exceeds the maximum sentence permitted based on facts established by the guilty plea.)

This is also what happened to Movant, he appealed the sentence and the appeal Court ruled that he received a *Blakely* error. He went back to correct his sentence but the Judge did not understand the law, he just resentenced him back to the same sentence, violating the order of the remand and once again, Movants Sixth Amendment rights.

In the interest of Justice, Movant must be remanded to correct his sentence.

4/30/2007

<u>The District Court violated **Booker** by sentencing Movant above the Statutory Maximum allowed by Jury verdict, therefore, violating Movants Sixth Amendment.</u>

Movant was sentenced to a Life Sentence on facts that were found by the judges exceeding the statutory Maximum sentence of 30 years. This violates Movants Sixth Amendment right to only be sentenced to facts that were proven to a jury beyond a reasonable doubt.

### *The rule in Apprendi:*

In *Apprendi v. New Jersey*, the Supreme Court re-examined it's prior decisions regarding the role of sentencing factor's and enhancements triggers applicable to criminal Defendants. After reviewing the historical backgrounds of the Common-Law, the criminal Indictment and sentencing procedures, the Court, writing through, Justice Steven's confirmed as a rule the principle first expressed in ***Jones v. U.S. 526 U. S. 227; 119 S. Ct. 1215; 143 L. Ed. 2d 311 (1999)***. In Jones, the Court addressed the question of whether the penalty enhancement section of a multipart federal statute (the federal-car-jacking statute) defined a separate crime or was merely a penality provision. **ID.** The sentencing Judge viewed the provision in question as a sentencing factor and accordingly, he enhanced the Defendants's Sentence using facts that had not been submitted to the Jury for a determination. On Certiorari Review, the Court reversed and remanded, concluding that each portion of the statute, including the provision setting forth this sentencing enhancement, Factor defined a separate offense. See ***Jones*, *526 U.S. at 525; 119 S. Ct at 1215*.**

In *Apprendi*, the Defendant plead guilty to a new Jersey State charge of second degree unlawful possession of a firearm for an unlawful purpose and third degree unlawful possession of an antipersonnel bomb. See ***Apprendi, 120 S. Ct. at 2352***. Under New Jersey law, possession of a firearm for an unlawful purpose carried a term of imprisonment between five and ten years. A separate statute provided for an extended term of imprisonment if the Trial Judge found, by a preponderance of the evidence, that "the Defendant in committing the crime acted with a purpose to intimidate an individual or group of individual because of race, colors, gender, handicap, religion, sexual orientation or ethnicity. " *id. at 2351 (citing N.J./ State. Ann Sec. 2 c: 44-3(c) [west Supp. 2000]*. The hate-crime statute authorized an increase term of imprisonment of 10 to 20 years.

At sentencing, the trial Judge determined that the hate-crime enhancement applied, and sentenced Apprendi to 12 years imprisonment. Apprendi filed a Direct Appeal attacking the enhancement of his sentence, under the hate crime statute, contending that the hate-crime issue hadn't been submitted to the jury and, therefore, the court errored in applying the enhancement. The New Jersey Supreme Court affirmed the conviction and sentence and the U.S. Supreme Courty granted a writ of Certiorari. The Supreme Court reversed, holding that because the enhancement under the hate-crime statute increased Apprendi's maximum statutory penalty, the issue should have been submitted to the jury and proven beyond a reasonable doubt. See at 2362-63. Essentially, the Court reiterated what it claimed had already been established in Jones, namely that "other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt. *"Apprendi, 120 S. Ct at 2362-63*.

In a subsequent appellant decision, ***U.S. v. aguayo-Delgado, 220 F. 3d 926 (8th Cir 2000)*** The Eight Circuit concluded that "in Apprendi, the Supreme Court made clear that the principle discussed in Jones is { a rule of Constitutional law}." *Id at 931*. Moreover, as the *Aguayo-Delgado decision* confirmed the court ruling in *Apprendi* meanse that in any drug case where the Defendant is subject to penalties in excess of those prescribed by 21 U.S.C. (b)(1)(c), *the government "Must" charge drug quantity and prove that fact to the Jury beony a reasonable doubt. Id. at 932; see also Apprendi, 120 S. Ct at 2366 n. 21* (signaling the relevance of the new rule to drug cases by referring to the Courts recent commentary on sentencing beyond the statutory maximum in drug conspiracy cases).

4/30/2007

The Eleventh Circuit, in *U.S. v. Roger, 228 F.3d 1318, [2000 WL 145 190] (11th Cir 2000)* has confirmed the principle expressed in Aguayo-Delgado. In Rogers, the Defendant appealed his sentence of 30 months imprisonment and 5 years supervised release pursuant to a drug conviction under 21 U.S.C. 841. The Court focused on whether Rogers was properly sentenced in view of the facts that his sentence was arrived at, in part, by a a sentencing judge determination of a drug quantity attributable to Rogers, which was not charged in the indictment or proven beyond a reasonable doubt to the jury. *Id. at 3*. The Court reasoned:

> *Applying Apprendi's Constitutional principle to a section 841 case it is clear that the principle is violated if a Defendant is sentenced to a greater sentence than the statutory maximum based upon the quantity of drugs , if such quantity is determined by the sentencing judge rather than the trial jurrors. The statutory maximum must be determined by assessing the statute without reguard to quantity.... In short, we hold today that drug quantity in section 841 (b)(1)(8) & (b)(1)(A) cases "MUST" be charged in the indictment and proven to a jury beyond a reasonable doubt in light of Apprendi.*
>
> *Rodgers, 228 F.3d 1318, 1326, 1327, 2000 WL 1451907 at 9.*

As here, before the District Judge could sentence Movant to a statute above 841 (b)(1)(c) 0 to 20 years or 0 to 30 years with a prior conviction, the Judge must give a special Jury instruction that the jury must find Movant guilty of a specific amount of drugs distributed above the threshold amount in 841(b)(1)(B) or (b)(1)(A).

Here the Jury never considered any amount and never found Movant guilty of any amount beyond a reasonable doubt. So, according to *Booker 543 U.S. at 244* ("Any fact 'other than a prior conviction' which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a Jury beyond a reasonable doubt").

Movant never admitted to drug quantity nor did the Jury find him guilty of any threshold drug amount, therefore, Movant's Sixth Amendment was violated because he was sentenced to a life sentence which exceeds the statutory maximum of 841 (b)(1)(c) 30 years.

## Conclusion:

Therefore, this case must be remanded so Movant can be resentenced and the correct sentence given, resulting from a proper calculation under the statute of 841 (b)(1)(c).

## CERTIFICATE OF SERVICE

I, John H. Cooley, jr., do hereby CERTIFY, that I am the Defendant, in the foregoing action, and on this 30th day of April, 2007, I have placed One(1) true photocopy of this action, in the United States mail, postage prepaid, for delivery to the following individual and/or agency as Proof Of Service, thereof:

MR. CHRISTIAN A. TRABOLD
ASSISTANT U.S. ATTORNEY
17 SOUTH PARK ROW
ERIE, PA   16501

JOHN H. COOLEY, JR.

(3)

Date: April 30th, 2007

Dear Clerk of the Court:

Could you please file the enclosed document/motion within your Court as soon as possible.

In closing, I would like to thank you for your time and attention into this matter.

JHC/jhc
enclosures

Sincerely,

JOHN H. COOLEY, JR., PRO-SE
REG. No. 20139-068

USP-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525