IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 02-40 Erie |
| | ) | |
| JOHN COOLEY | ) | (Civil No. 07-308 Erie) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO VACATE JUDGMENT PURSUANT TO 18 U.S.C. § 2255**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

**I.   INTRODUCTION**

On December 9, 2003, the defendant, John Cooley, was convicted of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. This Court sentenced Cooley to life imprisonment based on an advisory Guideline range resulting from several enhancements, including the quantity of crack cocaine. Having exhausted his direct appeal remedies, Cooley filed the motion to vacate currently pending before this Court. Cooley raises three issues for this Court's review: (1) Trial counsel was ineffective for not challenging at trial and sentencing the Government's failure to submit the question of drug quantity to the jury and this Court's determination of drug quantity in violation of Apprendi and Vazquez; (2) His sentence to life imprisonment is

in violation of the 5th and 6th Amendments and was in excess of the maximum penalty authorized by law; and (3) the indictment must be quashed and/or dismissed for lack of territorial jurisdiction.

**II.   BACKGROUND**

Between 1992 and 2002, the defendant, John Cooley, was the leader of a large drug distribution ring in Erie, Pennsylvania. On December 9, 2003, a jury found Cooley guilty of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. At sentencing, this Court found that the defendant (1) at a minimum, trafficked in 35 to 40 kilograms of crack cocaine; (2) was the leader and organizer of a criminal activity involving five or more participants, (3) possessed a firearm during the conspiracy, and (4) attempted to obstruct the administration of justice. Based on these findings, Cooley's total offense level was increased to 46, and the applicable Guideline range was life imprisonment. This Court sentenced Cooley to life imprisonment.

Represented by Attorney Anthony T. McBeth, Cooley filed an appeal challenging two of this Court's evidentiary rulings at trial and his sentence. The Third Circuit affirmed the conviction, but pursuant to United States v. Davis, 407 F.3d 162 (3d Cir. 2005) and United States v. Booker, 543 U.S. 220 (2005), it remanded to this Court for resentencing. United States v. Cooley, 131 Fed.Appx. 881 (3d Cir. 2005) (Cooley I).

This Court resentenced Cooley to a term of life

imprisonment, and he appealed again. Represented by Attorney Elvage Murphy, Cooley argued that a jury, rather than this Court, should have found the facts relevant to calculating his sentencing guideline. He also argued that the sentence of life imprisonment was unreasonable. The Third Circuit did not find Cooley's arguments persuasive, and it affirmed the judgment of sentence. United States v. Cooley, 205 Fed.Appx. 17 (3d Cir. 2006) (Cooley II).

### III. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337 , 339 (E.D. Pa. 1997) (citing hill v. United States, 368 U.S. 424, 428 (1962)).

The court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also,

United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994)(quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

**IV. ARGUMENT**

    **A. Trial Counsel was not ineffective at trial and sentencing for failing to object to the district court's finding as to drug quantity rather than submitting it to the jury.**

Cooley argues that his trial counsel, Attorney Sally Frick, was ineffective for failing to challenge the evidence of drug quantity and object to the sentencing court's finding of drug quantity on the ground that it must be found by a jury beyond a reasonable doubt, and failing to argue that the sentencing court was constrained by the 20-year maximum found in Section 841(b)(1)(C). (Def. Brf., p. 15). More specifically, Cooley argues that "[t]he facts found by the jury yielded a base Guideline range of 135-168 months imprisonment, a range the judge could not exceed without undertaking additional fact-finding." (Def. Brf., p. 14). His argument continues that the judge undertook additional fact-finding by finding that Cooley was responsible for trafficking in 35-40 kilograms of crack cocaine, Cooley possessed a firearm during the conspiracy, Cooley was the leader or organizer of the conspiracy, and Cooley obstructed justice, which increased his sentencing guideline to life imprisonment, beyond the statutory maximum penalty.[1] (Def. Brf., p. 14).

---

[1] Cooley only challenges the Court's finding of drug quantity. He does not claim any error, including ineffective assistance of counsel, with respect to the Court's other findings at sentencing.

4

### 1. Relitigation/Procedural Default

The alleged error reaches this Court in somewhat of a confusing procedural posture. The underlying alleged sentencing error was not raised by Attorney Frick at sentencing. However, on direct appeal in Cooley I, appellate counsel Attorney McBeth specifically argued that "Appellant's sentence should be vacated and remanded for resentencing in that the district court imposed a sentence based on findings not submitted to the trial jury and not found to be true beyond a reasonable doubt." (Brf. for Appellant, No. 04-1592, p. 7-10, Attached as Exhibit A). In response, the Government argued, *inter alia*, that Cooley waived this argument by failing to raise it at sentencing. In his Reply Brief, Attorney McBeth argued that (1) the issue was not waived, and (2) if it was waived, the Third Circuit should review it for plain error and Cooley may have a claim for ineffective assistance of counsel:

> [1]Should this Court find waiver, Mr. Cooley *may* have a claim for ineffective assistance of counsel. Typically, that type of issue is not decided on direct appeal. But, it is decided on direct appeal when the error is obvious, there is no legitimate strategy supporting waiver of the particular issue, and when it promotes judicial economy to examine the ineffectiveness issue on direct appeal. *See United States v. Smack*, 347 F.3d 533, 536 (3d Cir. 2003).

(Reply Brief for Appellant, No. 04-1592, p. 3 n.1, Attached as Exhibit B).

The Third Circuit, however, did not address either the suggestion of ineffective assistance of counsel or the underlying

merits of Cooley's claim. Rather, in Cooley I, the Third Circuit held as follows:

> Cooley did not raise a Sixth Amendment challenge to his sentence in the district court and *Booker* was decided after he was sentenced. Nonetheless, pursuant to our recent decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), we will remand for resentencing pursuant to *Booker*.

Cooley I, 131 Fed.Appx. at 883.

After this Court resentenced Cooley to life imprisonment in accordance with Booker as directed by Cooley I, Cooley, this time represented by Attorney Elvage Murphy, filed another direct appeal. Attorney Murphy argued in Cooley II that "the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution." (Brief for Appellant, No. 05-4735, p. 9-14, Attached as Exhibit C). The Third Circuit did not find this argument persuasive, and stated:

> Defendant argues that the facts supporting the enhancements should have been submitted to a jury. He alleges that the enhancements increased his penalty beyond the statutory maximum sentence for the crime for which he was convicted.
> . . .
> In *Booker*, as we have recognized, the Court held that the "mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment." *Booker* did not hold, however, that the discretionary application of enhancements under the Guidelines violated the Sixth

> Amendment.
>
> . . .
>
> Under the advisory guidelines system, a reasonable enhancement applied at the District Court's discretion does not exceed the statutory maximum.
>
> . . .
>
> The defendant's suggestion that a jury had to find the facts supporting these enhancements is at odds with *Booker* itself and our post-*Booker* jurisprudence.

Cooley II, 205 Fed.Appx. at 18-19.

When a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot later attempt to relitigate that claim in a Section 2255 proceeding. Withrow v. Williams, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result.").

Although Cooley has packaged his argument as one of ineffective assistance of counsel for failing to challenge an alleged sentencing error, the underlying claim of error was presented to the Third Circuit in Cooley I and Cooley II. The Third Circuit, in Cooley II, squarely rejected it. Repackaging the claim as one of ineffective assistance of counsel does not change the fact that the alleged sentencing error, for which Cooley claims Attorney Frick's performance was deficient in failing to object,

7

was deemed by the Third Circuit not to be an error. Cooley is merely attempting to relitigate the issue in the context of an ineffective assistance claim, which should be rejected. Indeed, Cooley's brief is merely a reiteration of the same arguments presented in Attorney McBeth's and Attorney Murphy's briefs to the Third Circuit. This Court should not reexamine this issue.

### 2. Ineffective Assistance

In any event, even if this Court reached the merits of Cooley's ineffectiveness claim, it need look no further than Cooley II to determine that Attorney Frick's representation was not deficient. There, the Third Circuit held that pursuant to Booker, the jury did not have to find the facts supporting the enhancements elevating Cooley's advisory guideline range to life imprisonment. Therefore, Attorney Frick cannot be found to be ineffective for failing to object to this Court's fact-finding for sentencing enhancements.

Nevertheless, for the sake of completeness, the Government will address Cooley's argument as follows.

Cooley premises his argument on the holdings of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Vazquez, 217 F.3d 93 (3d Cir. 2001). Specifically, according to Cooley, his sentence to life imprisonment violated Apprendi and Vazquez, rendering trial counsel ineffective for: "(1) failing to challenge the evidence of drug quantity on the ground that it must be found

by a jury beyond a reasonable doubt, (2) failing to object to the court's failure to submit the drug quantity issue to the jury, and (3) because the element of drug quantity was not submitted to the jury and found beyond a reasonable doubt, failing to argue that the sentencing court was constrained by the 20-year maximum found in Section 841(b)(1)(C), in light of Vazquez and Apprendi." (Def. Brf., p. 15).

A defendant claiming ineffective assistance of counsel must satisfy the two-pronged test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To do so, the defendant must show "(1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, and (2) there is a 'reasonable probability that, but for counsel's unprofessional errors, the result would have been different.'" United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992)(quoting Strickland, 466 U.S. at 687-96). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Review of an ineffective assistance claim begins with a "strong presumption" that counsel's performance was reasonable. Strickland, 466 U.S. at 689. "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689; United States v. Kauffman, 109 F.3d 186, 189-90 (3d Cir. 1997). "It is []

only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

In Strickland, the Supreme Court set forth a two-part test requiring the reviewing court to consider (1) whether defense counsel's performance fell "below an objective standard of reasonableness," thus rendering the assistance so deficient that the attorney did not function as counsel as the Sixth Amendment guarantees, and (2) whether counsel's ineffectiveness prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-88, 694. A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Id. at 694. In order to meet his burden, Cooley must satisfy both of the Strickland prongs.

In explaining the defendant's burden under the "deficiency prong", the Supreme Court has admonished that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."

Strickland, 466 U.S. at 689. Under the "prejudice prong", a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Accordingly, "an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Id.

With respect to the deficient performance prong, Cooley relies solely on Apprendi and Vazquez in support of his reasoning. However, his reasoning is flawed because it is based on a misinterpretation of those cases as applied to the facts of Cooley's case.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). In Vazquez, the Third Circuit held that an Apprendi violation only occurs if the drug quantity is not found beyond a reasonable doubt and the sentence exceeds twenty years under the default provision of § 841(b)(1)(C). Vazquez, 271 F.3d at 99. Neither Apprendi nor Vazquez applies to Cooley's sentence.

Cooley was charged in an indictment with conspiracy to

possess with the intent to distribute and distribute 50 grams or more of cocaine base, commonly known as crack cocaine. Unlike <u>Vazquez</u>, the quantity of crack cocaine involved in the conspiracy, as charged in the indictment, was specifically submitted to the jury. When this Court instructed the jury, it specifically listed drug quantity as one of the elements the Government was required to prove beyond a reasonable doubt:

> Now, in order to establish the offense charged, the government must prove beyond a reasonable doubt each of the following elements:
>
> First. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and possess with the intent to distribute a controlled substance in this case, crack cocaine.
>
> Second. That the defendant knowingly and willfully became a member of such conspiracy, that is, that the defendant voluntarily and purposefully became a member of the conspiracy to do something which the law forbids. In this case, to distribute crack cocaine and to possess this substance with the intent to distribute it.
>
> Third. That the conspiracy had the specific and the unlawful purpose of distributing or possessing with intent to distribute crack cocaine.
>
> **And, fourth, that the amount of crack cocaine attributable to the conspiracy was 50 grams or more.**

(Transcript, Jury Trial - Day No. 5, Doc. 105, p. 9) (emphasis added). Thus, the jury was clearly instructed that in order to

find Cooley guilty, they had to find that the Government had proven beyond a reasonable doubt that Cooley was involved in a conspiracy to distribute 50 grams or more of crack cocaine.

The jury did just that. In rendering its verdict, the jury found that Cooley trafficked in at least 50 grams of crack cocaine, as evidenced by the verdict slip signed by the jury, which reads as follows:

> As to the count contained in the Indictment, charging:
>
> From in and around January 1992, to in and around December 2002, in the Western District of Pennsylvania, the defendant, John Cooley, did knowingly, intentionally and unlawfully conspire with others, both known and unknown to the grand jury, **to possess with the intent to distribute and distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "Crack,"** a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).
> In violation of Title 21, United States Code, Section 846,
>
> we find the Defendant John Cooley __guilty__.
>
> Dated: December _9_, 2003

(Verdict, Doc. 74).

Therefore, unlike Vazquez, the quantity of crack cocaine was submitted to the jury, and it found, beyond a reasonable doubt, that Cooley was guilty of trafficking in at least 50 grams of crack cocaine. Because Cooley trafficked in at least 50 grams of crack

cocaine, the maximum sentence that could be imposed pursuant to statute was life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). Thus, the fact that established Cooley's statutory maximum was submitted to the jury and proven beyond a reasonable doubt. Pre- or post-Booker, no Apprendi violation occurred. There was no basis for Attorney Frick to object, as the drug quantity of 50 grams, setting the statutory maximum of life imprisonment, was submitted to the jury and proven beyond a reasonable doubt. In this regard, her performance cannot be found deficient.

Even though Cooley has not satisfied the deficiency prong, the government will respond to his argument regarding the prejudice prong because it is somewhat intertwined with other issues Cooley has raised.

Cooley argues that he was prejudiced by his trial counsel's failure to object to the sentencing court's finding of drug quantity instead of a finding by the jury. He argues that absent his counsel's ineffectiveness, this Court would have been constrained to sentence him to no more than the twenty-year maximum set forth in 21 U.S.C. § 841(b)(1)(C). (Def. Brf., p. 16-17).

Cooley's argument is without merit because the maximum penalty he faced, per statute, was life imprisonment, not twenty years. Cooley's error begins with his premise that "drug quantity was neither submitted to the jury nor reflected in its verdict. Therefore, 841(b)(1)(C) defines Cooley's prescribed statutory

14

maximum sentence as 20 years." (Def. Brf. p. 13). This premise is incorrect because Cooley was charged and convicted of conspiring to possess with intent to distribute *50 grams or more* of cocaine base in violation of 21 U.S.C. § 846. Thus, drug quantity was submitted to the jury in that the jury was charged with determining whether or not Cooley was guilty of conspiring to distribute at least 50 grams of crack cocaine. The jury found that he was.

Therefore, the applicable maximum sentence prescribed by statute is found in 21 U.S.C. § 841(b)(1)(A)(iii), which provides that the maximum penalty for a violation of § 841 involving 50 grams or more of cocaine base is life imprisonment.[2] The section cited by Cooley - § 841(b)(1)(C) - has no application to Cooley's case. The maximum sentence Cooley could have received, per the statute he was convicted of violating, is life imprisonment.

Cooley also argues that Attorney Frick's failure to raise the alleged Apprendi/Vazquez error exposed Cooley to the retroactive, detrimental, remedial holding of Booker, which validated an otherwise invalid sentence. (Def. Brf., p. 18-19). However, as already discussed, even pre-Booker, the sentence to life imprisonment did not violate either Apprendi or Vazquez. It

---

[2] Cooley was charged with conspiracy, in violation of 21 U.S.C. § 846. The penalty for violating § 846 is the same penalty provided by the statute prohibiting the offense that was the subject of the conspiracy - possession with intent to distribute in violation of 21 U.S.C. § 841. Thus, Cooley's maximum penalty is found in § 841.

did, however, violate Booker, which was decided during the pendency of Cooley's second direct appeal. Nevertheless, application of the Booker remedy to Cooley's case did not negate his Apprendi argument since that argument was meritless pre- and post-Booker. No prejudice inured to the defendant.

**B.   The sentence of life imprisonment does not violate the Fifth and Sixth Amendments or the Ex Post Facto Clause.**

Cooley restates his prejudice argument as an argument that the application of Booker remedy to his sentence violated the Ex Post Facto Clause. Specifically, he argues that the Apprendi error in his case was negated by the retroactive application of the Booker remedy to his sentence. (Def. Brf., p. 29). As previously discussed, their was no Apprendi error with respect to Cooley's sentence, either under pre- or post-Booker law. Therefore, application of the Booker remedy did not negate a valid Apprendi argument. There simply was no Ex Post Facto Clause violation.

**C.   Territorial Jurisdiction**

Finally, Cooley argues that the Government did not prove that it had territorial jurisdiction over the crime he committed. This argument is frivolous.

Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231, and the permission of the states is not a prerequisite to exercise that jurisdiction. United States v. Sitton, 968 F.2d 947 953 (9th Cir. 1992), abrogated on other grounds by Koon v. United States, 518

U.S. 81 (1996). Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed. <u>United States v. Mundt</u>, 29 F.3d 233, 237 (6th Cir. 1994). "The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States." <u>United States v. Lampley</u>, 127 F.3d 1231, 1245-46 (10th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1137 (1998).

Congress, under the authority of the Commerce Clause, may constitutionally regulate intrastate drug activity under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801-966, wherein it set forth the nexus between commerce and drug trafficking:

> The Congress makes the following findings and declarations:
> . . .
> (2) The illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people.
>
> (3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because

> (A) after manufacture, many controlled substances are transported in interstate commerce,
>
> (B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and
>
> (C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession.
>
> (4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances.
>
> (5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufacture and distributed interstate and controlled substances manufactured and distributed intrastate.
>
> (6) Federal control of the intrastate incidents of the traffic in controlled is essential to the effective control of the interstate incidents of such traffic.

21 U.S.C. § 801. See also, United States v. Johnson, 46 F.3d 1128(4th Cir. 2995); United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir. 1990).

The enactment of the Drug Act permits its enforcement within the territorial jurisdiction of the United States, which includes Pennsylvania. Johnson, 46 F.3d 1128; see also, United States v. Smith, 237 Fed.Appx. 732 (3d Cir. 2007) (there can be no question about the territorial jurisdiction of the U.S. District

Court for the Middle District of Pennsylvania where the information charged a violation of a federal statute, 21 U.S.C. § 841, which was alleged to have occurred in Harrisburg, Pennsylvania).

The indictment in this case charged that Cooley conspired to distribute and possessed with intent to distribute crack cocaine in the Western District of Pennsylvania in violation of 21 U.S.C. §§ 841 and 846. Therefore, this Court had territorial jurisdiction over the crimes committed by Cooley, and his argument to the contrary is patently meritless.

### IV. CONCLUSION

WHEREFORE, the Government respectfully requests this Court to deny the defendant's motion to vacate. The Government further submits that there is no need for a hearing on the defendant's motion, because the motion and the files and records conclusively show that the defendant is not entitled to relief.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 /s/ Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013