Westlaw.
2004 WL 5322527 (C.A.3)                                                                                   Page 1
**(Cite as: 2004 WL 5322527)**

For Opinion See 131 Fed.Appx. 881

United States Court of Appeals, Third Circuit.
UNITED STATES OF AMERICA,
v.
John COOLEY, Appellant.
No. 04-1592.
November 16, 2004.

Appeal from the Judgment of Sentence in Case No. CR-02-40 Erie in the United States District Court for the Western District of Pennsylvania, Entered on February 25, 2004

Brief for Appellant

Anthony T. Mcbeth, Attorney for Appellant, 407 North Front St., First Floor, Harrisburg, PA 17101, (717) 238-3686.

*i TABLE OF CONTENTS

TABLE OF AUTHORITIES ... ii

STATEMENT OF DISTRICT COURT SUBJECT MATTER JURISDICTION AND THIS COURT'S APPELLATE JURISDICTION ... 1

STATEMENT OF ISSUES ... 1

STATEMENT OF THE CASE ... 2

STATEMENT OF FACTS ... 3

STATEMENT OF RELATED CASES AND PROCEEDINGS ... 5

STATEMENT OF THE STANDARD OR SCOPE OF REVIEW ... 6

SUMMARY OF ARGUMENT ... 6

ARGUMENT ... 7

CONCLUSION ... 16

*ii TABLE OF AUTHORITIES

CASES

*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2d 435 (2000) ... 8

*Blakely v. Washington,* 126 S.Ct. 2531 (2004) ... 8

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996) ... 13

*United States v. Brothers*, 75 F.3d 845 (3d Cir. 1996) ... 11

*United States v. Collado*, 975 F.2d 985, 990 (1992) ... 6

*United States v. Miele*, 989 F.2d 659 (3d Cir. 1993) ... 11

*United States v. Molina-Guevara*, 96 F.3d 698, 703 (3d Cir. 1996) ... 6

*United States v. Vazquez*, 271 F.3d 93 (3d Cir. 2001) ... 8

*United States v. Zarintash*, 736 F.2d 66 (3d Cir. 1984) ... 14

STATUTES AND RULES

18 U.S.C. § 3231 ... 1

18 U.S.C. § 3742 (a) ... 1

21 U.S.C. §841 ... 9

21 U.S.C. §846 ... 2

28 U.S.C. §1291 ... 1

**STATEMENT OF DISTRICT COURT'S SUBJECT MATTER JURISDICTION AND THIS COURT'S SUBJECT MATTER JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §1291, reviewing the final order of a United States District Court. Inasmuch as this case implicates sentencing issues, the Court also has jurisdiction pursuant to 18 U.S.C. § 3742(a). The matter in the District Court was a criminal case. Therefore, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

**STATEMENT OF ISSUES**

1. Should the Appellant's sentence be vacated and remanded for resentencing in that the district court imposed a sentence based on findings not submitted to the trial jury and not found to be true beyond a reasonable doubt?

2. Even if the sentence should not be vacated and the case remanded for resentencing because of the reason stated above, should the sentence nevertheless be vacated and the case remanded for resentencing because much of the evidence upon which the court relied in formulating its sentence was hearsay without the sufficient indicia of reliability that is required?

3. Was it reversible error, therefore requiring a new trial, for the district court to exclude as a defense witness one Ricky Pulliam, who would have testified about animus between the Appellant and one of the Government's witnesses, particularly so when the Government's entire case was narrative testimony of various wit-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322527 (C.A.3)                                                      Page 3
(Cite as: 2004 WL 5322527)

nesses without any physical evidence of any narcotic being introduced?

4. Was it reversible error, therefore requiring a new trial, for the district court to allow the testimony of a Government witness who described the Appellant making a $10,000.00 cash loan to him, when the funds were not tied to any particular alleged narcotic transaction and the effect of the testimony was merely to prejudice the Appellant?

**STATEMENT OF THE CASE**

This case is a direct appeal from a judgment of sentence. The Appellant, John Cooley ("Mr. Cooley") was convicted by a jury in the United States District Court for the Western District of Pennsylvania, of conspiring to distribute cocaine in violation of 21 U.S.C. §846. The Honorable Sean J. McLaughlin, United States District Judge for the Western District of Pennsylvania, presided. After Mr. Cooley's sentencing on February 25, 2004, the undersigned was, provisionally, retained privately. The undersigned perfected Mr. Cooley's appeal on that basis. Subsequently, in response to a motion filed by the undersigned for payment of the trial and sentencing transcripts pursuant to the Criminal Justice Act, this Court appointed the undersigned to represent Mr. Cooley fully pursuant to the Criminal Justice Act by Order dated June 16, 2004. Appellant's brief and the joint appendix, after two extensions, are due to be submitted on or before November 26, 2004.

**STATEMENT OF FACTS**

As noted above, after a trial that stretched into the fifth day, Mr. Cooley was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. §846. The jury did not make a specific finding on, nor was it instructed to make a specific finding on, the amount of narcotic involved in the conspiracy. The Indictment charged Mr. Cooley with conspiring to distribute "50 grams or more of cocaine base ..."

The Government's case consisted primarily of admitted, convicted drug dealers and drug users. Those witnesses testified about various alleged narcotic transactions involving Mr. Cooley, over varying ranges of time. None of these model citizens had any physical evidence with them, nor did the Government ever introduce any physical evidence of a narcotic.

There were twelve such witnesses. With one exception, each of these witnesses were either about to face a sentence for a Federal narcotics offense, or were in the midst of serving a substantial sentence for a Federal narcotics offense. The record disclosed that, for each witness in that position, the Government either already had, or was going to in the near future, file a motion for downward departure on the witness's sentence pursuant to Section 5K of the United States Sentencing Guidelines.

As noted above, the jury convicted Mr. Cooley. The jury did not make a finding

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322527 (C.A.3)                                                              Page 4
(Cite as: 2004 WL 5322527)

with respect to quantity of cocaine or cocaine base involved in the alleged conspiracy, nor was the jury instructed to do so.

Two substantial issues regarding witnesses arouse during the trial. The first was the defense's objection to the testimony of John Vergotz. Mr. Vergotz testified that he was a friend of Mr. Cooley's and still considered himself to be a friend of Mr. Cooley's at the time of trial. He and Mr. Cooley got to know each other because Mr. Vergotz had a business next door to Mr. Cooley's house in Erie. Over defense objection, Mr. Vergotz testified that, in late 2000, he was between selling his old house and buying a new one. Because of timing of those transactions, Mr. Vergotz testified he was short on cash to complete transaction. He then testified that Mr. Cooley lent him $10,000.00 in cash, which Mr. Vergotz repaid with a check.

The Government never tied this cash to any particular alleged narcotics transaction, nor could it. We mention this here because we believe it was error for the district court to admit that testimony. We will develop that contention in the argument section of this brief.

A second issue regarding a witness arouse when the defense sought to offer the testimony of Ricky Pulliam. As disclosed in a chambers conference on the record, Mr. Pulliam would have testified about animus between Mr. Cooley and one of the Government's witnesses.

The witness involved was Curas Newsome Henry. Ms. Henry told a fairly incredible tale of she and Mr. Cooley distributing crack cocaine in Meadville, Pennsylvania. As with every other witness, she had no physical evidence. As with almost every other witness, she was the benefactor of a Section 5K motion by the Government.

Mr. Pulliam would have testified that, in a recent conversation, with respect to Mr. Cooley, Ms. Henry told Mr. Pulliam: 'I can't stand the son of a bitch.' The district court excluded that testimony as hearsay. We submit that it was admissible because it was not hearsay. That statement would not have been offered to show the truth of the statement, but to show Ms. Henry's state of mind toward Mr. Cooley. In a case that involved only testimonial evidence, we believe that Mr. Pulliam's absence was significant.

Mr. Cooley was sentenced on February 25, 2004. The Pre-Sentence Report attributed 1.5 kilos of cocaine base to him, giving him a base offense level of 38. With various enhancements that also were not submitted to the jury, his offense level rose above 43, the threshold for a life sentence. Mr. Cooley did in fact receive the life sentence. He will challenge that sentence, and the two witness issues mentioned above, on this appeal.

**STATEMENT OF RELATED CASES OR PROCEEDINGS**

We are not aware of any related cases or proceedings.

**STATEMENT OF THE STANDARD OR SCOPE OF REVIEW**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"When reviewing the sentencing decisions of [a] district court, [this Court] exercise[s] plenary review over legal questions about the meaning of the sentencing guidelines, but appl[ies] the deferential clearly erroneous standard to factual determinations underlying their application." *United States v. Collado*, 975 F.2d 985, 990 (1992) (quoting *United States v. Fuentes*, 954 F.2d 151, 152-53 (3d Cir. 1992)).

The issues that we raise with respect to witnesses do not appear to be of constitutional dimension. Therefore, the standard of review of has been stated as this Court being able to affirm Mr. Cooley's conviction as long as there is a high probability that any errors did not contribute to the conviction. *United States v. Molina-Guevara*, 96 F.3d 698, 703 (3d Cir. 1996).

**SUMMARY OF ARGUMENT**

Mr. Cooley's sentencing violated precedent of both this Court and the United States Supreme Court. The district court, without submitting such questions to the jury, found (presumably by a preponderance of the evidence) that Mr. Cooley trafficked in over 1.5 kilograms of cocaine base. Without a finding from the jury, and with the jury not being required to make such a finding beyond a reasonable doubt, the district court's findings exposed Mr. Cooley to a sentence beyond the maximum that would have otherwise applied. The same applied to various enhancements of the sentence, including enhancements for alleged obstruction of justice and role in the offense. Because of that, Mr. Cooley's due process rights and rights to trial by jury were violated.

Even if that were not so, the sentence still cannot stand. While case law decided with respect to United States Sentencing Guidelines may allow a court to consider hearsay evidence, the hearsay evidence must have a sufficient indica of reliability in order to be considered. That reliability was conspicuously absent in this case.

We also maintain that Mr. Cooley should get a new trial. In a case that consisted entirely of testimonial evidence without physical evidence, it was reversible error for the district court to have excluded Ricky Pulliam's testimony. His testimony was not hearsay; it was offered to show the state of mind of one of the Government's key witnesses, a state of rancor toward Mr. Cooley.

It was also error to allow the testimony of John Vergotz. The fact that Mr. Cooley gave him a large loan in cash added little to the Government's case. Conversely, after the jury hearing from several drug dealers about relatively undefined transactions without physical evidence, testimony about Mr. Cooley's loan helping out a friend only served to prejudice Mr. Cooley.

**ARGUMENT**

1. The Appellant's sentence should be vacated and remanded for resentencing in that the district court imposed a sentence based on findings not submitted to the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

trial jury and not found to be true beyond a reasonable doubt.

*8 In the last four years, the United States Supreme Court has decided two cases that are extremely important for this appeal, and probably for many appeals on narcotics convictions. Those cases are *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2d 435 (2000) and, just this past summer, *Blakely v. Washington,* 126 S. Ct. 2531 (2004). In the time frame between those two cases, this Court decided *United States v. Vazquez,* 271 F.3d 93 (3d Cir. 2001). *Vazquez* involved the sentence on a narcotics conviction, and is therefore quite instructive on the present appeal.

Both cases, *Blakely* probably more so, hold that if a defendant is to be sentenced to a term beyond the statutory maximum[FN1,] the facts on which the sentence depends must be submitted to a jury and must be found to apply by the jury, beyond a reasonable doubt. Otherwise, pursuant to both *Apprendi* and *Blakely,* the defendant is denied his Fifth Amendment right to due process and his Sixth Amendment right to trial by jury.

> FN1. For these purposes, the statutory maximum is the maximum sentence that is supported by the jury verdict. *Blakely,* 126 S.Ct. at 2537.

This Court applied those concepts in *United States v. Vazquez,* 271 F.3d 93 (3d Cir. 2001). Vazquez had been indicted for conspiracy to distribute "more of fifty grams of cocaine." At his sentencing, the district court attributed 992 grams of cocaine to Vazquez. The district court then, applying the United States Sentencing Guidelines, sentenced Vazquez to 292 months *9 incarceration.

This Court affirmed Vazquez's sentence because he had managed to waive the issue by not challenging any of these sentencing calculations at the district court level. Although Vazquez presents striking similarities to the present case, there are also two significant differences.

First, in the present case, Mr. Cooley vigorously challenged the sentencing calculations. Secondly, in Vazquez, the court attributed to the defendant quantities of narcotics actually seized. By stark contrast, the Government in the present case presented absolutely no physical evidence of a narcotic against Mr. Cooley. It was simply a string of stories by criminals who were the beneficiaries of downward departure motions by the Government.

Here is where *Vazquez* is critically important. 21 U.S.C. §846 (conspiracy to distribute narcotics, the crime on which Mr. Cooley was indicted) adopts the penalties from 21 U.S.C. §841, the statute that prohibits actual distribution of narcotics. This Court's comments in *Vazquez,* regarding the possible maximum sentence under conditions such as Mr. Cooley faced, control the issue.
In Vazquez's case, drug quantity was neither submitted to the jury nor reflected in its verdict. Therefore, §841(b) (1) (C)defines Vazquez's prescribed statutory maximum sentence as 20 years. We indicated in *United States v. Williams,* 235 F.3d 858 (3d Cir. 2000) (further citation omitted), and we hold here, that an *Apprendi*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322527 (C.A.3)                                                                  Page 7
(Cite as: 2004 WL 5322527)

violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's *10 sentence under §841 exceeds 20 years.

*Vazquez*, 274 F.3d at 98.

As in *Vazquez*, Mr. Cooley's Indictment alleged a particular quantity. But, also as in *Vazquez*, issue of drug quantity was never submitted to the jury. This represents a clear violation of *Apprendi* and *Blakely*, and the sentencing order should be vacated and the case remanded for resentencing on that basis alone.

We do not believe that this issue has been waived. But, should this Court disagree, or otherwise hold that no violation of *Apprendi* or *Blakely* occurred, there were other errors with respect to Mr. Cooley's sentencing. We will address those in the following section.

**2. Even if the sentence should not be vacated and the case remanded for resentencing because of the reason stated above, the sentence should nevertheless be vacated and the case remanded for resentencing because much of the evidence upon which the court relied in formulating it sentence was hearsay without the sufficient indica of reliability that is required.**

At sentencing, the district court relied extensively, if not exclusively, on quantities of alleged narcotic transactions as related by the Government's parade of §5K witnesses at trial. That approach is permissible (at least it was before *Blakely*) if the estimates by the alleged co-conspirators have, as stated in §6A of the United States Sentencing Guidelines, "sufficient indica of reliability." That commodity was conspicuously absent here.

All of the witnesses who attributed narcotic activity to Mr. *11 Cooley were either past criminals, current criminals serving a sentence, narcotics addicts, or a combination of all three.

In this vein, this Court's comments in *United States v. Miele*, 989 F.2d 659 (3d Cir. 1993), are instructive. In *Miele*, this Court vacated the sentence for a narcotics defendant and remanded the case because of the stark lack of reliability of information from questionable sources, and the district court's failure to scrutinize that information properly. In *Miele*, this Court said:
Finally, Miele questions the reliability of [the informant's] testimony because there is no indication in the record that the court subjected the drug quantity information provided by [the informant] to any special scrutiny in light of [the informant's] status as an addict-informant. In our view, without such scrutiny, [the informant's] drug quantity information lacks the indicia of reliability required by the Guidelines.
We have long followed the general rule that juries in criminal cases should be specially instructed to receive the testimony of an addict-informant witness with caution and to scrutinize it with care. (Citations omitted) . We see no reason why this ruling should not also be applicable in sentencing.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Miele,* 989 F.2d at 666-67.

Similar cases in this regard, although also touching on attribution among co-conspirators, are *United States v. Collado,* 975 F.2d 985 (3d Cir. 1992) and *United States v. Brothers,* 75 F.3d 845 (3d Cir. 1996).

At the risk of belaboring the point, there was absolutely no evidence of any narcotics seizure presented at Mr. Cooley's trial. *12 Indeed, as reflected in the objections to sentencing that Mr. Cooley posed, laboratory analysis reports provided to the defense, based on seizures of cocaine from various alleged co-conspirators on various dates, showed a grand total of 187.4 grams. This is less than twenty percent of the amount of distribution (1.5 kilos or 1500 grams) alleged in the Indictment.

There simply is no evidence of reliability for such a large extrapolation between amount traced and amounts attributed. Therefore, even if this Court finds that there was not a violation of *Apprendi* or *Blakely,* the sentencing order should be vacated and the case remanded for resentencing because of the absence of reliable evidence to support the district court's estimate of quantity of narcotic involved.

While we believe that there were significant problems with Mr. Cooley's sentencing, we also believe that the district court committed errors with respect to two witnesses at his trial. Given the nature of the case, we believe that these errors, either independently or together, require reversal of Mr. Cooley's conviction and remand for a new trial. We will address these below.

**3. It was reversible error, therefore requiring a new trial, for the district court to exclude as a defense witness one Ricky Pulliam, who would have testified about animus between the Appellant and one of the Government's witnesses, particularly so when the Government's entire case was narrative testimony of various witnesses without any physical evidence of any narcotic being introduced.**

*13 On the last day of trial, the defense offered as a witness Mr. Ricky Pulliam. Mr. Pulliam would have testified that one of the Government's key witnesses, Curas Newsome Henry, had recently told Mr. Pulliam, with respect to Mr. Cooley, 'I can't stand the son of a bitch.' The district court excluded that testimony as hearsay.

It was not hearsay. Federal Rule of Evidence 801(c) defines hearsay as: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The statement here was not offered to prove the truth of the statement itself. It was offered to show Curas Newsome Henry's state of mind toward Mr. Cooley, and her intense bias against him. Therefore, Mr. Pulliam's testimony should have been admitted. See *United States v. Branham,* 97 F.3d 835, 851 (6th Cir. 1996).

This was clear error. This type of error requires a new trial unless there is a high probability that the error did not contribute to the verdict of conviction.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322527 (C.A.3)  Page 9
(Cite as: 2004 WL 5322527)

*Molina-Guevara*, 96 F.3d at 703.

Given the exclusively testimonial nature of the Government's presentation, there certainly is a high probability that this error contributed to a guilty verdict. The Government's evidence was entirely narrative. There was no evidence presented of a particular seizure, whether it be of currency or narcotics. Anything that could have shown any motive to lie by a witness was ***14** critical for the defense. With respect to Mr. Pulliam, the district court erroneously excluded precisely that type of evidence. We believe this error by itself requires a new trial. Certainly, this and the scenario with respect to John Vergotz that we will describe below, require a new trial.

    4. It was reversible error, therefore requiring a new trial, for the district court to allow the testimony of a Government witness who described the Appellant making a $10,000.00 cash loan to him, when the funds were not tied to any particular alleged narcotic transaction and the effect of the testimony was merely to prejudice the Appellant.

As detailed in the Statement of Facts section above, the district court allowed the Government to present testimony of John Vergotz: Mr. Vergotz is a friend and neighbor of Mr. Cooley's. Actually, Mr. Vergotz's business was located to Mr. Cooley's house in Erie.

Mr. Vergotz testified that, when he was between selling his old house and buying a new one in late 2000, the timing of the transaction made him run short of cash. He therefore procured a $10,000.00 loan from Mr. Cooley. Mr. Cooley made the loan in cash, and Mr. Vergotz repaid it with a check.

The district court, relying on *United States v. Zarintash*, 736 F.2d 66 (3d Cir. 1984), allowed the testimony. Although Federal Rule of Evidence 403 allows the district court's discretion in this circumstance, we respectfully submit that the district court abused its discretion to the point that a new trial is required.

Mr. Vergotz's testimony came on the heals of testimony of the ***15** various criminal witnesses. The sum of cash that Mr. Vergotz described was never linked to any particular alleged narcotic transaction. It was never linked to another person (other than Mr. Cooley) and it certainly did not prove that Mr. Cooley was guilty of any crime. Indeed, the undersigned could produce $10,000.00 in cash. That does not mean that the undersigned should be suspected of any criminal activity.

This Court faced precisely the same issue in *Zarintash*. This Court held that it was error for the district court to have admitted evidence of the cash, although this Court ultimately held that error was harmless. The Court's comments on this issue address it squarely:
Possession of cash, even such a relatively large amount as was found [in *Zarintash*], is not in itself probative of the proposition that a year before, the possessor had the ability to make large payments. Instead, it is more akin to evidence of a defendant's "bad character": the jury might "believe that the ac-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cused had in his possession more money than a man in his position could have obtained by honest methods, and therefore must be guilty."
*Zarintash,* 736 F.2d at 72 (citations omitted).

Mr. Vergotz's testimony, as noted, certainly did not prove that Mr. Cooley committed any sort of crime. It merely added insinuation and innuendo to the case. Its prejudice to Mr. Cooley clearly outweighed whatever probative value it might have had. This, either independently or in conjunction with exclusion of *16 Ricky Pulliam's testimony requires a new trial.

## CONCLUSION

For the reasons stated above, the judgment of sentence should be vacated and the case remanded at least for resentencing. More importantly, because of the evidentiary errors, the judgment of sentence should be vacated and the case remanded for a new trial.

UNITED STATES OF AMERICA, v. John COOLEY, Appellant.
2004 WL 5322527 (C.A.3)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.