Westlaw.

2004 WL 5322529 (C.A.3)    Page 1
(Cite as: 2004 WL 5322529)

For Opinion See 131 Fed.Appx. 881

United States Court of Appeals,Third Circuit.
UNITED STATES OF AMERICA,
v.
John COOLEY, Appellant.
No. 04-1592.
December 30, 2004.

Appeal from the Judgment of Sentence in Case No. CR-02-40 Erie in the United States District Court for the Western District of Pennsylvania, Entered on February 25, 2004.

Reply Brief for Appellant

Anthony T. McBeth, Attorney for Appellant, 407 North Front St., First Floor, Harrisburg, PA 17101, (717) 238-3686.

*i TABLE OF CONTENTS

TABLE OF AUTHORITIES ... ii

STATEMENT OF DISTRICT COURT SUBJECT MATTER JURISDICTION AND THIS COURT'S APPELLATE JURISDICTION ... 1

STATEMENT OF ISSUES ... 1

STATEMENT OF THE CASE ... 1

STATEMENT OF FACTS ... 1

STATEMENT OF RELATED CASES AND PROCEEDINGS ... 1

STATEMENT OF THE STANDARD OR SCOPE OF REVIEW ... 1

SUMMARY OF ARGUMENT ... 2

ARGUMENT ... 2

CONCLUSION ... 7

*ii TABLE OF AUTHORITIES

CASES

Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2d 435 (2000) ... 2

Blakely v. Washington, 126 S.Ct. 2531 (2004) ... 4

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322529 (C.A.3)                                                                      Page 2
**(Cite as: 2004 WL 5322529)**

*United States v. Branham,* 97 F.3d 835, 851 (6th Cir. 1996) ... 6

*United States v. Chandler,* 326 F.3d 210 (3.d Cir. 2003) ... 6

*United States v. Smack,* 347 F.3d 533, 536 (3d Cir. 2003) ... 3

*United States v. Vazquez,* 271 F.3d 93 (3d Cir. 2001) ... 2

*United States v. Zarintash,* 736 F.2d 66 (3d Cir. 1984) ... 6

**STATEMENT OF DISTRICT COURT'S SUBJECT MATTER JURISDICTION AND THIS COURT'S SUBJECT MATTER JURISDICTION**

We adopt the statement of jurisdiction from our principal brief.

**STATEMENT OF ISSUES**

1. Does the Government read *United States v. Vazquez* and similar cases too broadly, reaching an erroneous conclusion that Mr. Cooley's *Apprendi* issues have been waived?

2. Do the Government's general pronouncements in its brief regarding hearsay change the fact that proffered testimony of Ricky Pulliam and Anthony Billinger, was not hearsay, but offered to show the state of mind of various witnesses?

**STATEMENT OF THE CASE**

We adopt the statement of the case as contained in our principal brief.

**STATEMENT OF FACTS**

We adopt the statement of facts contained in our principal brief. Additionally, the Government has raised some issues in its brief which we believe require additional comment in this reply brief.

**STATEMENT OF RELATED CASES OR PROCEEDINGS.**

We adopt the statement of related cases or proceedings as found in our principal brief.

**STATEMENT OF THE STANDARD OR SCOPE OF REVIEW**

We adopt the statement of the standard or scope of review as contained in our principal brief.

**SUMMARY OF ARGUMENT**

The Government relies primarily on *United States v. Vazquez,* 271 F.3d 93 (3d Cir. 2001) for the proposition that either Mr. Cooley has waived his *Apprendi* issues, or that his case does not meet the standard for review under the Plain Error Doctrine. A close inspection of *Vazquez* shows that the Government is incorrect on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322529 (C.A.3)                                                                    Page 3
(Cite as: 2004 WL 5322529)

both counts.

The Government devotes a lot of space to the abuse of discretion standard of re-
view and the general definition of hearsay, in response to our contentions regard-
ing witnesses. The Government's brief adds nothing new in this regard; it was an
abuse of discretion to admit the testimony of John Vergotz and an abuse of discre-
tion (indeed, an error of law) for the district court to have excluded Ricky Pul-
liam and Anthony Billinger.

ARGUMENT

**1. The Government does read *United States v. Vazquez* and similar cases to broadly,
reaching an erroneous conclusion that Mr. Cooley's *Apprendi* issues have been
waived.**

The Government relies primarily on *United States v. Vazquez*, 271 F.3d 93 (3d Cir.
2001) to support its notion that Mr. Cooley waived any argument he may have with
respect to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). We assert
that the issue was not waived, and even it was, and the claim would have to *3 be
reviewed under the plain error standard, Mr. Cooley's case meets that
standard.[FN1]

> FN1. Should this Court find waiver, Mr. Cooley may have a claim for inef-
> fective assistance of counsel. Typically, that type of issue is not decided
> on direct appeal. But, it is decided on direct appeal when the error is ob-
> vious, there is no legitimate strategy supporting waiver of the particular
> issue, and when it promotes judicial economy to examine the ineffectiveness
> issue on direct appeal. *See United States v. Smack*, 347 F.3d 533, 536 (3d
> Cir. 2003).

In *Vazquez*, the defendant did not challenge any aspect of his sentencing. In the
present case, Mr. Cooley and his trial counsel vigorously challenged many aspects
of his sentencing, although they did not directly mention *Apprendi*. We believe
that their arguments subsume the *Apprendi* issues. Should this Court disagree,
though, this case still meets the standard for review on plain error, as it must
do if this Court finds a waiver.

In order to find plain error, this Court must determine that there was an error,
that it was plain in the sense that it violated a settled issue of law, that the
errors substantially affected Mr. Cooley's rights and that the fairness, integrity
or public reputation of the proceeding was therefore called into question.
*Vazquez*, 271 F.3d at 101-105.

As was the case in *Vazquez*, the district court did commit error by failing to ap-
ply *Apprendi*. As also was the case in *Vazquez*, the error is plain in that *Apprendi*
has been binding *4 precedent for over four years.[FN2] Further, Mr. Cooley's sub-
stantial rights were affected. This Court found that the defendant's rights were
not substantially affected in *Vazquez*. In large part, this is because there was

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 5322529 (C.A.3)
(Cite as: 2004 WL 5322529)

Page 4

evidence of specific quantities of narcotics found, and that evidence was presented to the trial jury. In *Vazquez*, this Court calculated that, in view of the quantities presented to the jury (which were found in a raid), those quantities by themselves brought the defendant within the range of sentence ultimately imposed by the trial court.

> FN2. The Government devotes a great deal of space in its brief to support the proposition that plain error cannot be found pursuant to *Blakely v. Washington*, 126 S.Ct. 2531 (2004). Assuming for the sake of argument that the Government is correct on that assertion, it does not make the error any less plain pursuant to *Apprendi*.

As noted many times in our principal brief, physical evidence of specific quantities attributable to Mr. Cooley is conspicuously absent in this case. All evidence at trial was narrative evidence of estimates provided by a parade of Government witnesses who were seeking reduction in their sentences. In fact, no narcotic material was ever introduced into evidence before the trial jury. Under these circumstances, then, Mr. Cooley's rights (specifically those to due process and trial by jury, as articulated in Apprendi) were substantially affected.

Finally, the Court must examine whether this series of events affected the fairness, integrity or public reputation of the *5 proceedings. The issues implicated here spell the difference between a maximum term of incarceration of twenty years, or a maximum term of life. When such issues are not submitted to a jury, and placed under the stringent standard of truth beyond a reasonable doubt (both as required by *Apprendi*), the fairness and integrity of the proceeding are called into question, almost by definition.

In sum, we do not believe that Mr. Cooley waived the *Apprendi* issues. Should the Court find otherwise, we submit that the Court can and should nonetheless review those issues under the plain error standard as articulated in *Vazquez* and Federal Rule of Criminal Procedure 52.

The following, and last, section of this reply brief will be devoted to brief comment on some of the Government's contentions with respect to the witness issues that we raised in our principal brief.

**2. The Government' s general pronouncements in its brief regarding hearsay do not change the fact that the statements of Ricky Pulliam and Anthony Billinger were not hearsay, but offered to show the state of mind of various witnesses.**

With respect to the defense's proffered testimony of both Ricky Pulliam and Anthony Billinger, the Government really does not offer anything new in its brief. It simply cites a lot of cases in which the definition of hearsay is articulated. Those cases do not change the issue: the testimony of these witnesses was offered not to repeat statements for their truth, but to show the state of mind *6 of the declarent. The statements were therefore admissible. *See United States v. Branham*, 97 F.3d 835 (6th Cir. 1996), cited in our principal brief.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

With respect to the testimony of Government witness John Vergotz (to the effect that Mr. Cooley made a $10,000.00 loan to him in cash late in calender year 2000), one of the cases that the Government cites in its brief actually lends support to our position. That case is *United States v. Chandler,* 326 F.3d 210 (3d Cir. 2003). In *Chandler,* this Court said:
The touchstone of the admissibility inquiry is not the amount of money in the defendant's possession, but whether defendant's failure to account for its source [by disclosing it in an income tax return] tends to support the Government's claim that the money was obtained through illegitimate means.

*Chandler,* 326 F.3d at 215.

At Mr. Cooley's trial, the Government never made any effort to show that Mr. Cooley failed to report any income. It merely showed that he made a cash loan of $10,000.00 to Mr. Vergotz, and that Mr. Vergotz repaid him with a check. Given the nature of the Government's case (that is to say, exclusively testimonial without physical evidence), the prejudice of such evidence clearly outweighs its probative value. As this Court noted in *United States v. Zarintash,* 736 F.2d 66, 72 (3d Cir. 1984), this type of evidence in a vacuum is more akin to evidence of the defendant's "bad character" than it is of cash received by ill-gotten means. *7 Nothing in the Government's principal brief refutes that fact.

CONCLUSION

For the reasons stated above, as requested in our principal brief, the judgment of sentence must be vacated and the case against Mr. Cooley must be remanded either for resentencing, or for a new trial.

UNITED STATES OF AMERICA, v. John COOLEY, Appellant.
2004 WL 5322529 (C.A.3)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.