# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 05-4735

United States of America

v.

John H. Cooley, Jr.,

Appellant

BRIEF FOR APPELLANT

Appeal from the Judgment of Sentence in Case No., CR-02-40 Erie in the United States District Court for the Western District of Pennsylvania, entered on October 18, 2005

Elvage G. Murphy, Esquire
Attorney for Appellant
c/o 211 Hendricks Hall
Edinboro, PA 16444
Telephone (814) 732-1625
Fax (814) 732-2118
E-mail: Emurphy@edinboro.edu

## TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITIES ................................................................ ii

STATEMENT OF DISTRICT COURT SUBJECT MATTER JURISDICTION AND THIS COURT'S APPELLATE JURISDICTION ................................. 1

STATEMENT OF ISSUES ............................................................. 1

STATEMENT OF THE CASE ......................................................... 1

STATEMENT OF FACTS ............................................................. 2

STATEMENT OF RELATED CASES AND PROCEEDINGS ................ 4

STATEMENT OF THE STANDARD OR SCOPE OF REVIEW ............. 4

SUMMARY OF ARGUMENT ....................................................... 6

ARGUMENT

I.      **Whether the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution** .......................................... 9

II.     **Whether the life sentence imposed against John H. Cooley, Jr., by the District Court, was per se unreasonable under *U.S v. Booker*?** .............. 15

CONCLUSION ........................................................................ 18

BAR MEMBERSHIP

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

CERTIFICATE OF IDENTICAL COMPLIANCE

CERTIFICATE OF VIRUS CHECK

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGES**

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ……………………………………6-7, 9-12, 14

*Blakely v. Washington*, 124 S.Ct. 2531 (2004) …………………………………..6-7, 9-13, 14

*Johnson v. U.S.*, 520 U.S. 461 (1997) ……………………………………………..7, 14

*U.S. v. Booker*, 540 U.S. 220 (2004) …………………………………..1-2, 4, 7, 9-10, 13-15

*U.S. v. Cooper*, ___ F.3d___, 2006 WL 330324 (3rd Cir. 2006) ………………15

*U.S. v. Cunningham*, 429 F.3d 673 (7th Cir. 2005) …………………......................16

*U.S. v. Martinez*, 434 F.3d 1318 (11th Cir. 2006) ……………………………15

*U.S. v. Noe*, 411 F.3d 878 (8th Cir. 2005) ……………………………………..4-5

*U.S. v. Vazquez*, 271 F.3d 93 (3d Cir. 2001) …………………………………….4, 13

*U.S. v. Williams*, 425 F.3d 478 (7th Cir. 2005) …………………..…………...15-16

*U.S. v. Zuleta-Alvarez*, 922 F.2d 33 (1st Cir. 1990) …………………......................10

**STATUTES AND RULES**

18 U.S.C. § 3231 …………………………………………………………………....1

18 U.S.C.A § 3553 ……………………………………………………..5, 7, 9, 15-17

18 U.S.C. § 3742 …………………………………………………………………....1, 15

21 U.S.C. § 841 ………………………………………………………………….10-12

21 U.S.C. § 846 …………………………………………………………………1-2, 11

28 U.S.C. § 1291 ………………………………………………………………….....1

**SENTENCING GUIDELINES**

U.S.S.G § 1B1.1 ……………………………………………………………………..4-5

## STATEMENT OF DISTRICT COURT'S SUBJECT MATTER JURISDICTION AND THE THIRD CIRCUIT COURT OF APPEALS SUBJECT MATTER JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1291, reviewing the final order of a United States District Court. Although this case implicates sentencing issues, the Court also has jurisdiction pursuant to the 18 U.S.C. §3742 (a). The matter in the District Court was a criminal case. Therefore, the District Court had jurisdiction pursuant to 18 U.S.C. §3231.

### STATEMENT OF ISSUES

1.    Whether the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution.

2.    Whether the life sentence imposed against John H. Cooley, Jr., by the District Court, was and is unreasonable?

### STATEMENT OF THE CASE

This case is a direct appeal from a judgment of sentence. Appellant, John Cooley H. Cooley, Jr. ("Mr. Cooley") was convicted by a jury in the United States District Court for the Western District of Pennsylvania, of conspiring to distribute cocaine in violation of 21 U.S.C. §846, before the Honorable Sean J. McLaughlin, United States District Judge for the Western District of Pennsylvania. On February 25, 2004, Mr. Cooley was sentenced to life in prison. Following an appeal to the U.S. Court of Appeals for the Third Circuit, the original sentence was vacated and remanded for resentencing pursuant to the United States Supreme Court's ruling in *U.S. v. Booker*. At the resentencing hearing on October 18, 2005, a sentence of life in prison was again imposed. A Notice of Appeal was filed on behalf of Mr. Cooley by Attorney Bruce G. Sandmeyer on October 24, 2005. The undersigned was privately retained and entered an appearance for Mr. Cooley on October 31, 2005. On December 1, 2005, the undersigned was

ordered by the Office of the Clerk for the United States Court of Appeals for the Third Circuit, to file a brief on behalf of Mr. Cooley on or before January 1, 2006. The undersigned filed a Motion to Extend Time for Filing of Principle Brief and Joint Appendix on behalf of Appellant on or about December 27, 2005. An extension was granted and the undersigned was subsequently ordered to file and serve Appellant's brief and appendix on or before March 6, 2006.

### STATEMENT OF FACTS

On December 10, 2002, a grand jury returned a one-count indictment, charging John H. Cooley with conspiring to distribute fifty grams or more of a mixture and substances containing a detectable amount of cocaine base, commonly known as crack cocaine in violation of 21 U.S.C. §846. Following a five-day trial, Mr. Cooley was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. §846. The jury found him guilty and thereafter, the district court sentenced him to life in prison. Following an appeal of Mr. Cooley's conviction and judgment of sentence, the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction. However, the sentence was vacated and the matter was remanded to the United States District Court for resentencing on the basis of a mandatory enhancement of a sentence under the *Federal Sentencing Guidelines*, based on facts found by the court and not a jury, thereby violating the Sixth Amendment pursuant to *U. S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). On October 18, 2005, Appellant appeared before the District Court and a sentence of life in prison was again imposed by the Honorable Sean McLaughlin. Appellant now raises a 6th Amendment challenge to the reimposition of a life sentence by the District Court, and the imposition of the life sentence is per se unreasonable.

The crux of the evidence presented by the government consisted primarily of testimony from a large number of co-conspirators who claimed Mr. Cooley was the leader and organizer of a criminal organization spanning a ten-year period between 1992 and 2002. The District Court relied extensively, if not exclusively, on the testimony of the government's §5K witnesses during the trial in determining the length of Mr. Cooley's sentence. The government's witnesses testified they engaged in numerous narcotic transactions with Mr. Cooley. Mr. Cooley contends none of the government's witnesses can seriously be considered to have a "sufficient indicia of reliability." Absent their testimony, there was absolutely no evidence of narcotics seizures presented at trial. Laboratory analysis reports provided to the defense, based on seizures of cocaine from various alleged co-conspirators on various dates, merely accounted for a total of 187.4 grams of crack cocaine. This total exceeds the amount of the distribution alleged in the indictment. However, it dwarfs the amount relied upon by the district court to determine the pertinent sentencing calculations. Other than the testimony provided by these suspect and/or questionable government witnesses, no other substantive/corroborative evidence (i.e. video surveillance, cash, supplies, paraphernalia, etc.) generally associated with or commonly related to drug distribution was produced. The District Court's reliance upon the testimony of witnesses was used as the foundation or source of extrapolation to attribute an excessive amount of narcotics to Mr. Cooley. As a result, the District Court made a factual finding attributing an estimated 35 to 40 kilograms of narcotics-related criminal activity to Appellant, resulting in a +43 total offense level.

In addition, the District Court's misplaced reliance and dependency upon unreliable information provided by Albert Boyd, Jamie Burnett, and Ken Henderson, who did not testify at

3

the time of trial, also impacted the guideline calculations and resulted in a +2 adjustment for obstruction of justice.

Finally, the District Court also made the lone determination Mr. Cooley possessed a dangerous weapon, specifically a 9-millimeter firearm, during the period of time the government contends Mr. Cooley engaged in criminal activity. However, Mr. Cooley was never charged with a gun count. There were no guns seized. The only reliable testimony offered to corroborate Mr. Cooley's possession of any firearm was provided by defense witness, Jerome Odom, who did testify he shot guns with him on one occasion and agreed to purchase a firearm from him at a remote time. The mere or intermittent possession of a firearm is not indicative of it being connected with the offense for which Mr. Cooley was indicted.

## STATEMENT OF RELATED CASES OR PROCEEDINGS

The undersigned is not aware of any related cases or proceedings pending or anticipated before this Court, or any other.

## STATEMENT OF THE STANDARD OR SCOPE OF REVIEW

This Court reviews for plain error. See *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) In cases where the "plain error standard of review governed issue of whether [Appellant's sentence[]] violated *Booker* rule generally requiring that facts supporting enhanced sentence be proved to jury or admitted by defendant, given that defendants did not enter pertinent objections to their sentences." *See United States v. Noe*, 411 F.3d 878 (8th Cir. 2005).

The Court of Appeals reviews a sentencing court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines de novo. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A. If, in reviewing sentence, Court of Appeals determines that a district court correctly calculated applicable sentencing range under Sentencing Guidelines, it then reaches second step

of analysis, a review of any challenge to the reasonableness of the sentence in light of statutory sentencing factors.  18 U.S.C.A. § 3553(a); U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.  *See Noe.*

## SUMMARY OF ARGUMENT

Mr. Cooley is now challenging his sentence on the basis that it violated *Apprendi* and *Blakely*. In both cases, the Court held if a defendant is to be sentenced to a term beyond the statutory maximum, the factual basis for the sentencing must be submitted to a jury and must be found to apply by the jury, beyond a reasonable doubt. To allow a district court to make findings of fact solely reserved for the province of jury violated Mr. Cooley's Fifth Amendment right to due process and his Sixth Amendment right to a trial by jury. If the jury were allowed to make findings of fact as to the amount of narcotics later attributed to Mr. Cooley, the possession of a firearm and his purported role as an organizer and leader of criminal activity, a base offense level of 32, which, even if coupled with Mr. Cooley's criminal history (as documented with the Presentence Investigation Report, compiled by the government) would have generated a guideline range of approximately 11 to 14 years of imprisonment. U.S.S.G. Sentencing Table. However, the District Court's finding, separate and apart from the jury, generated a total offense level of 46, resulting in the imposition of a life sentence.

It would be pure conjecture to assume the 12-person jury would have found Mr. Cooley to be the leader or organizer of a drug-type syndicate, had obstructed the administration of justice, possessed firearms and was responsible for distributing more than 1.5 kilograms of crack cocaine. At no point in time were they asked to make such determinations. Thus, the complained of error would have sharply and significantly affected the finding Mr. Cooley's total offense level was greater than and/or equal to 46. Although a properly charged sentencing jury may have found Cooley was the leader or organizer of a criminal organization involving more than five individuals, the jury did not. Nor were they provided with the opportunity to do so.

6

Mr. Cooley also asserts this error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. U.S.*, 520 U.S. 461, at 470. Arguably, the jury's verdict minimally established Cooley conspired to distribute more than 50 grams of cocaine. However, nothing more specific was determined. Admittedly, the same information presented for the jury's consideration was also considered by a learned and objective fact-finder. However, when subjecting the District Court's findings and the sentence imposed against Cooley to the U.S. Supreme Court's rulings in *Apprendi*, *Blakely* and now *Booker*, the imposition of a life sentence without the benefit of the jury consideration undermines the fairness and the integrity of the proceedings.

Finally, Mr. Cooley also contends the District Court did not give meaningful consideration to the § 3553 (a) factors or the challenges raised at the time of his sentencing hearing. The District Court's refusal to give those issues proper consideration was not reasonable when weighed against the backdrop of a potential imposition of a life sentence. The District Court held firm to its reliance upon testimony of Mr. Cooley's purported co-conspirators, as well as the indirect and damaging representations made by Jamie Burnett, Ken Henderson, and in particular, Albert Boyd (App. 24-35, and 51-57), none of whom testified at trial. The District Court did not conduct an adequate and sufficient evaluation of each individual's credibility. To have done so would have fairly and reasonably resulted in a proper assessment, calculation and reduction of Mr. Cooley's total offense level. The basis for this reasoning relates to the unreliability of one, some and/or all of the witnesses who directly implicated Mr. Cooley in criminal wrongdoing (i.e. threats, purchase of firearms, etc.).

7

Considering the inherently suspect evidence produced at the time of trial, and the individual statements relied upon by the District Court as part of its determination, it was unreasonable for a life term in prison to have been imposed against Mr. Cooley.

## ARGUMENT

I.    **Whether the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution.**

Pursuant to the Supreme Court's decision in *U.S. v. Booker*, district courts are now required to consider the applicable Federal Sentencing Guidelines advisory, in addition to the factors set forth in 18 U.S.C. § 3553 (a). *Id.* at 764-765. Thus, *Booker* is now applicable to all cases on direct review. *Id.* At 769.

Pre-*Booker*, the United States Supreme Court decided two cases considered extremely important for cases such as the one before this Court for consideration. Those cases are *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2d 435 (2000) and *Blakely v. Washington*, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Cooley is now challenging his sentence on the basis that it violated *Apprendi* and *Blakely*. In both cases, the Court held if a defendant is to be sentenced to a term beyond the statutory maximum, the facts on which a sentence depends must be submitted to a jury and must be found to apply by the jury, beyond a reasonable doubt. To allow a district court to make findings of fact solely reserved for the province of jury violated Mr. Cooley's Fifth Amendment right to due process and his Sixth Amendment right to a trial by jury.

Mr. Cooley is now asking this Court apply *Apprendi* and its progeny to his case. In Mr. Cooley's case there was no legitimate, reliable or substantive evidence presented by the government. The evidence in the case at bar was limited to the testimony of purported co-conspirators who claimed Mr. Cooley was the leader and organizer of a criminal organization for over a ten-year period between 1992 and 2002. The District Court relied extensively, if not exclusively, on the testimony of the government's §5K witnesses during trial. The government's

witnesses testified they engaged in repeated amounts of alleged narcotic transactions with Mr.

Cooley. Mr. Cooley contends none of these witnesses can seriously be considered to have a

"sufficient indicia of reliability." *See United States v. Zuleta-Alvarez*, 922 F.2d 33, 37 (1st Cir.

1990). All of the witnesses who attributed narcotic activity to Mr. Cooley can not be described

as being beyond reproach. There was absolutely no evidence of narcotics seizures presented at

trial. Laboratory analysis reports provided to the defense, based on seizures of cocaine from

various alleged co-conspirators on various dates, totaled 187.4 grams. This total exceeds the

amount of the distribution alleged in the indictment. However, it dwarfs the amount relied upon

by the District Court before the imposition of his life sentence. Other than the testimony

provided by these suspect and/or questionable government witnesses, no other

substantive/corroborative evidence (i.e. video surveillance, cash, supplies, paraphernalia, etc.)

generally associated with or commonly related to ten (10) productive years of illegal narcotics

distribution, was recovered. The District Court's reliance upon the testimony of witnesses was

used as the foundation for or the source of extrapolation to attribute an excessive amount of

narcotics to Mr. Cooley. As a result, the District Court made a factual finding attributing an

estimated 35 to 40 kilograms of narcotics to Mr. Cooley, resulting in a +43 total offense level.

It is Mr. Cooley's contention, the abuse of discretion exercised by the District Court is

what *Blakely* and *Apprendi* and now *Booker* are designed to prevent. Since *Booker*, this Court

must now apply a revised new standard to its analysis since *Blakely* is now applicable to the

guidelines. In *Booker*, the defendant was charged with possession with intent to distribute at

least 50 grams of cocaine base (crack). Having heard evidence that he had 92.5 grams in his

duffel bag, the jury found him guilty of violating *21 U.S.C. § 841(a) (1)*. That statute prescribes

a minimum sentence of 10 years in prison and a maximum sentence of life for that offense. *21*

U.S.C. § 841 (b) (1) (A) (iii).  Based upon Booker's criminal history and the quantity of drugs

found by the jury, the Sentencing Guidelines required the District Court Judge to select a "base"

sentence of not less than 210 nor more than 262 months in prison.  The judge, however, held a

post-trial sentencing proceeding and concluded by a preponderance of the evidence that Booker

had possessed an additional 566 grams of crack and that he was guilty of obstructing justice.

Those findings mandated the judge select a sentence between 360 months and life imprisonment.

Thus, instead of a sentence of 21 years and 10 months the judge could have imposed on the basis

of the facts proved to the jury beyond a reasonable doubt, Booker received a 30-year sentence.

The Court of Appeals for the Seventh Circuit held that this application of the Sentencing

Guidelines conflicted with the holding in *Apprendi*, that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *U.S. v. Booker*,

*375 F.3d 508, 510 (2004)*.  The majority relied on the holding in *Blakely v. Washington*, 542

U.S. 296, 124 S.Ct. 2531 (2004) that "the 'statutory maximum' for *Apprendi* purposes is the

maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury

verdict or admitted by the defendant*."  124 S.Ct., at 2537.  The court held that the sentence

violated the Sixth Amendment, and remanded with instructions to the District Court either to

sentence respondent within the sentencing range supported by the jury's findings or to hold a

separate sentencing hearing before a jury.

       In the companion case, the defendant Fanfan was charged with conspiracy to distribute

and to possess with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§

846, 841(a)(1), and 841(b)(1)(B)(ii).  He was convicted by the jury after it answered "Yes" to the

question "Was the amount of cocaine 500 or more grams?"  Under the Guidelines, without

11

additional findings of fact, the maximum sentence authorized by the jury verdict was imprisonment for 78 months. A few days after the U.S. Supreme Court's decision in *Blakely,* the trial judge conducted a sentencing hearing at which he found additional facts that, under the Guidelines, would have authorized a sentence in the 188-to-235 month range. Specifically, he found that respondent Fanfan was responsible for 2.5 kilograms of cocaine powder, and 261.6 grams of crack. He also concluded that defendant had been an organizer, leader, manager, or supervisor in the criminal activity. Both findings were made by a preponderance of the evidence. Under the Guidelines, these additional findings would have required an enhanced sentence of 15 or 16 years instead of the 5 or 6 years authorized by the jury verdict alone. The judge concluded that he could not follow the particular provisions of the Sentencing Guidelines "which involve drug quantity and role enhancement," expressly refusing to make "any blanket decision about the federal guidelines," he followed the provisions of the Guidelines that did not implicate the Sixth Amendment by imposing a sentence on respondent "based solely upon the guilty verdict in this case." *Ibid.* Following the denial of its motion to correct the sentence in Fanfan's case, the Government filed a notice of appeal in the Court of Appeals for the First Circuit, and a petition in this Court for a writ of certiorari before judgment. Due to the significance of the questions presented, the U.S. Supreme Court granted the respective petitions. In both petitions, the Government asks the U.S. Supreme Court to determine whether the *Apprendi* line of cases applies to the Sentencing Guidelines, and if so, what portions of the Guidelines remain in effect.

Following a lengthy analysis the U.S. Supreme Court concluded "the District Court applied the Guidelines as written and imposed a sentence higher than the maximum authorized solely by the jury's verdict [against Booker]. The Court of Appeals held *Blakely* applicable to

the Guidelines, [and] concluded . . . Booker's sentence violated the Sixth Amendment, . . . ."

*U.S. v. Booker*, 543 U.S. 220, 267, 125 S.Ct. 738, 769. The Supreme Court affirmed the

judgment of the Seventh Circuit Court of Appeals. In Fanfan's case, the Supreme Court said,

"the District Court held *Blakely* applicable to the Guidelines. It then imposed a sentence that

was authorized by the jury's verdict--a sentence lower than the sentence authorized by the

Guidelines as written. Thus, Fanfan's sentence does not violate the Sixth Amendment." *Id.* at

267, 125 S.Ct. 769.

It is Mr. Cooley's contention the sentence of life in prison must be reviewed and

examined under the plain-error test. Before this Court "can correct an error not raised at trial,

there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three

conditions are met, an appellate court may then exercise its discretion to notice the forfeited

error, but only if (4) the error seriously affect[s] the fairness, integrity or public reputation of

judicial proceedings." *Vasquez*, 271 F.3d 93, 99 (3d Cir. 2001).

Pursuant to the Supreme Court's decision in *Booker*, it is the province of the jury, **not the**

**district court**, (emphasis added) to determine facts directly related to the enhancement of an

individual's sentence. The District Court in this matter made the following factual finding:

1)         Mr. Cooley was responsible for distributing 35 to 40 kilograms of crack cocaine over a ten-year period;

2)         Mr. Cooley possessed a firearm at unspecified time during the time the government alleged the conspiratorial conduct occurred;

3)         Mr. Cooley was the leader or organizer of criminal activity; and

4)         Mr. Cooley obstructed justice when he threatened family members of individuals whom he suspected were cooperating with the government.

In comparison, the jury's finding would have only established a base offense level of 32, which, even if coupled with Mr. Cooley's criminal history (as documented with the Presentence Investigation Report, compiled by the government) would have generated a guidelines range of approximately 11 to 14 years imprisonment. *U.S.S.G. Sentencing Table*. However, the District Court's finding, separate and apart from the jury, generated a total offense level of 46, resulting in the imposition of a life sentence. It would be pure conjecture to assume the 12-person jury would have found Mr. Cooley to be the leader or organizer of a drug-type syndicate, to have obstructed the administration of justice, to have possessed firearms and been responsible for distributing more than 1.5 kilograms of crack cocaine. At no point in time were they asked to make such determinations. Thus, the complained of error would have sharply and significantly affected the finding of a total offense level greater than 43. Although a properly charged sentencing jury may have found Cooley was the leader or organizer of a criminal organization involving more than five individuals, the jury did not. Nor were they provided with the opportunity to do so.

Mr. Cooley also asserts the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. U.S.*, 520 U.S. 461, 470. Arguably, the jury's verdict reflects their belief, albeit misplaced, Cooley conspired to distribute more than 50 grams of cocaine. However, nothing more specific was determined. Admittedly, the same information presented for the jury's consideration was also considered by a learned and objective fact-finder. However, when subjecting the District Court's findings and the sentence imposed against Cooley against the U.S. Supreme Court's rulings of *Apprendi*, *Blakely* and *Booker*, the life sentence undermines the fairness and the integrity of the proceedings.

14

II.   **Whether the life sentence imposed against John H. Cooley, Jr., by the District Court, was per se unreasonable under *U.S v. Booker*?**

In *U.S. v. Booker*, the Supreme Court directed appellate courts to review sentences for reasonableness, stating this review applied across the board. *Id.* 125 S.Ct. at 764-767. However, this Court's review "is guided by the factors set forth in 18 U.S.C. § 3553 (a), . . . ." *Id.* "Although the Supreme Court in *Booker*, did not identify which provision of [18 U.S.C.] § 3742 (a) provided for appeals for unreasonableness, we conclude that a post-Booker appeal based on the unreasonableness of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742 (a)(1)." *U.S. v. Cooper*, ___ F.3d___, 2006 WL 330324 (3rd Cir 2006) (citing U.S. v. Martinez, 434 F.3d 1318 (11th Cir. 2006). To determine if the District Court acted reasonably in imposing a life sentence against Mr. Cooley, this court must be satisfied the lower court exercised its discretion by considering the following relevant factors:

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   The need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   The kinds of sentences available;

(4)   The kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines....

*18 U.S.C. § 3553(a)*. The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. *See United States v. Williams, 425 F.3d 478, 480 (7th Cir.2005).*

Mr. Cooley asserts the district court did not give meaningful consideration to the § 3553 (a) factors or the challenges raised at the time of his sentencing hearing. At his October 18,

2005, resentencing hearing, Mr. Cooley strenuously asserted objections to paragraphs 12 through 14, 20, 31-32, 34, 37, 40-41, 48 of the presentence investigation report submitted by the government for the District Court's consideration. A number of Mr. Cooley's objections relate specifically and exclusively to the information provided by individuals who did not testify at trial. Obviously, if the government believed their testimony was significant, credible and reliable, most likely Albert Boyd, Jamie Burnett and Ken Henderson would have been called at trial. For the District Court to seriously consider and rely upon the information provided by the individuals not worthy of being called to testify before a jury, and to calculate Mr. Cooley's total offense level of 46, was and remains an unreasonable approach. Admittedly, a district "court need not discuss every argument made by a litigant if an argument is clearly without merit." *U.S. v. Cunningham*, 429 F.3d 673, 678 (7th Cir.2005). "Nor must a court discuss and make findings as to each of the §3553 factors if the record makes clear the court took the factors into account in sentencing." *U.S. v. Williams*, 425 F.3d 478, 480. However, Mr. Cooley contends the District Court should, at a minimum, be required and obligated, in the interest of justice, to specifically address each and every aspect of an argument raised by him prior to the imposition of a life sentence. The District Court placed significant emphasis, as it should, on achieving the purposes enunciated in 18 U.S.C.A. § 3553 (a). However, the District court was not reasonable in its interpretation of the same. The court said, ". . . Section 3553 (a) require[s] courts to impose a sentence **sufficient, but not greater than necessary (emphasis added)** to comply with the purposes set forth in paragraph two." (App. 95). Mr. Cooley asserts the District Court did not strike an appropriate balance between the 3553 factors and the legitimate objections he raised at the time of his sentencing. *Id.*, pages, 6-17. The District Court's refusal to give those issues proper consideration was not reasonable when weighed against the backdrop of a potential

16

imposition of a life sentence. The District Court held firm to its reliance upon testimony of Mr.

Cooley's purported co-conspirators, as well as the indirect and damaging representations made

by Jamie Burnett, Ken Henderson, and in particular, Albert Boyd (App. 24-35, and 51-57), none

of whom testified at trial. The District Court did not conduct an adequate and sufficient

evaluation of each individual's credibility. To have done so would have fairly and reasonably

resulted in a proper assessment, calculation and reduction of Mr. Cooley's total offense level.

The basis for this reasoning relates to the unreliability of one, some and/or all of the witnesses

who directly implicated Mr. Cooley in criminal wrongdoing (i.e. threats, purchase of firearms,

etc.). Cooley acknowledges hearsay information provided by the government at a sentencing is

admissible. However, it does not necessarily mean it is reliable and should be deferred to by the

sentencing court. Considering the inherently suspect evidence produced at the time of trial, and

the individual statements relied upon by the District Court as part of its determination, it was

unreasonable for a life term in prison to have been imposed against Mr. Cooley. The life

sentence may have been sufficient to achieve the desired purposes enunciated § 3553 (a)(2).

However, it was greater than what was necessary to accomplish the same.

## CONCLUSION

For the foregoing reasons, the judgment of sentence should be vacated and remanded for

resentencing.


Date:   March 3, 2006                              Respectfully submitted,


                                                   ELVAGE GIRARD MURPHY
                                                   Attorney for Appellant
                                                   c/o 211 Hendricks Hall
                                                   Edinboro University of Pennsylvania
                                                   Edinboro, PA 16444
                                                   (814) 732-1625

## **BAR MEMBERSHIP**

I, ELVAGE GIRARD MURPHY, hereby certify that as of this date, I am a member of the Bar of the United States Court of Appeals for the Third Circuit, in good standing.

Date:   March 3, 2006

Elvage Girard Murphy

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of FRAP 32(a)(7)(B).  This brief contains approximately 5,200 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of FRAP 32(a)(5) and type style requirements of FRAP 32(a)(6) because this brief has been prepared in a monospaced typeface using Microsoft Work with 10.50 characters per in each in Times New Roman.

Elvage Girard Murphy
Attorney for Appellant

## CERTIFICATE OF SERVICE

I, Elvage G. Murphy, Attorney for Appellant, hereby certify that I have served the attached document by placing a copy of same in the United States mail, first class, postage pre-paid addressed as follows:

**Ms. Laura Schleich Irwin, Esquire**
**United States Attorney's Office**
**700 Grant Street, Suite 4000**
**Pittsburgh, PA 15219**

Date:    March 3, 2006

Attorney for Appellant
c/o 211 Hendricks Hall
Edinboro University of Pennsylvania
Edinboro, PA 16444
(814) 732-1625

## CERTIFICATE OF IDENTICAL COMPLIANCE

I, Elvage G. Murphy, Attorney for Appellant, hereby certify the text of the E-Brief and

Hard copies of the brief are identical.

Elvage Girard Murphy
Attorney for Appellant

## CERTIFICATE OF VIRUS CHECK

I, Elvage G. Murphy, Attorney for Appellant, hereby certify the PDF file and Hard

Copies of Appellant's brief were subject to a virus check by Sophos software.

Elvage Girard Murphy
Attorney for Appellant