IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. 07-308 Erie |
| ) | Criminal No. 02-40 Erie |
| v. ) | Judge Sean J. McLaughlin |
| JOHN COOLEY, ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant John Cooley's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255.

**I. BACKGROUND**

On December 9, 2003, the defendant, John Cooley, was convicted by a jury on charges of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. On February 25, 2004, this Court determined at sentencing that Cooley (1) had trafficked in, at minimum, over 35 to 40 kilograms of crack cocaine, (2) was the leader and organizer of a criminal activity involving five or more participants, (3) possessed a firearm during the conspiracy, and (4) attempted to obstruct justice. Based in part upon these findings, Cooley's total offense level was increased to 46 and he received a sentence of life imprisonment.

Cooley timely appealed his conviction and sentence to the Third Circuit. Cooley, through counsel, attacked two of this Court's evidentiary rulings, including his contention that, "Appellant's sentence should be vacated and remanded for resentencing in that the district court imposed a sentence based on findings not submitted to the trial jury and not found to be true beyond a reasonable doubt." (Petitioner's 2255 Motion, Ex. A). On June 20, 2005, the Third Circuit affirmed his judgment of conviction but vacated the sentence and remanded for re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). The Court held:

> At sentencing, the district court found that Cooley trafficked in over
> 1.5 kilograms of crack cocaine, that he was the leader or organizer of

> a criminal activity that involved more than 5 criminal participants, that he possessed firearms during the conspiracy and that he attempted to obstruct the administration of justice. Pursuant to the Sentencing Guidelines, the district court sentenced Cooley to life imprisonment-a sentence beyond the maximum for the crime of conviction.
>
> In his appeal, Cooley argues that the district court's sentence violates United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Under Booker, mandatory enhancement of a sentence under the Sentencing Guidelines based on facts found by the court and not a jury, violates the Sixth Amendment. Thus, after Booker, the Sentencing Guidelines are "effectively advisory." Id. at 757. Accordingly, district courts will now consider the applicable advisory Guidelines in addition to the factors set forth in 18 U.S.C. § 3553(a). Id. at 764-65. Booker is applicable to all cases on direct review. Id. at 769.
>
> Cooley did not raise a Sixth Amendment challenge to his sentence in the district court and Booker was decided after he was sentenced. Nonetheless, pursuant to our recent decision in United States v. Davis, 407 F.3d 162 (3d Cir.2005), we will remand for resentencing pursuant to Booker.

United States v. Cooley, 131 Fed. Appx. 881, 883 (3rd Cir. 2005) ("Cooley I").

On October 21, 2005, Cooley was re-sentenced to a term of life imprisonment in accordance with Booker. Cooley filed a second appeal, asserting that "the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution." (Government's Response, Ex. C). The Third Circuit rejected this argument as follows:

> Defendant argues that the facts supporting the enhancements should have been submitted to a jury. He alleges that the enhancements increased his penalty beyond the statutory maximum sentence for the crime for which he was convicted. This argument is not persuasive.
>
> The "statutory maximum" sentence is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Booker, 543 U.S. at 228, 125 S.Ct. 738 (quoting Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)) (emphasis in original). In Booker, the Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. 738.

> In Booker, as we have recognized, the Court held that the "mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment." United States v. Davis, 407 F.3d 162, 163 (3d Cir.2005) (citing Booker, 543 U.S. at 244, 125 S.Ct. 738). Booker did not hold, however, that the discretionary application of enhancements under the Guidelines violated the Sixth Amendment. Instead, "In the aftermath of Booker, the Federal Sentencing Guidelines once a mandatory regime circumscribing the discretion of district court judges are 'effectively advisory.' " Davis, 407 F.3d at 163 (quoting Booker, 543 U.S. at 245, 125 S.Ct. 738). Under the advisory guidelines system, a reasonable enhancement applied at the District Court's discretion does not exceed the statutory maximum.
>
> The District Court in this case appropriately recognized that the Guidelines are now only advisory and considered that calculation along with the other factors listed in 18 U.S.C. § 3553(a). See Davis, 407 F.3d at 163. Using this approach, the District Court concluded that life imprisonment was the appropriate punishment for the defendant. There was sufficient evidence in the record at sentencing from which the District Court could conclude that these enhancements were appropriate. The defendant's suggestion that a jury had to find the facts supporting these enhancements is at odds with Booker itself and our post- Booker jurisprudence.

United States v. Cooley, 205 Fed. Appx. 17, 18-19 (3rd Cir. 2006) ("Cooley II").

Cooley filed the instant motion for relief pursuant to 28 U.S.C. § 2255 on November 5, 2007. The government filed a reply brief on January 29, 2008, and Cooley replied on February 15, 2008. This matter is ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts

unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id. Upon consideration of Cooley's motion for relief, the government's response thereto, and the pleadings and documents of record, I conclude that no hearing is necessary and that Cooley's motion should be denied.

### III. Discussion

In his § 2255 Motion, Cooley presents the following three grounds for review: (1) that trial counsel was ineffective for failing to challenge at trial and sentencing the government's failure to submit the question of drug quantity to the jury and this Court's determination of drug quantity in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Vazquez, 217 F.3d 93 (3rd Cir. 2001); (2) that Cooley's life sentence is contrary to the 5th and 6th Amendments and in excess of the maximum penalty authorized by law; and (3) that the indictment must be dismissed for lack of territorial jurisdiction. For the reasons which follow, I find that each of these grounds lacks merit.

*A.  Ineffective Assistance of Trial Counsel*

In order to demonstrate ineffective assistance of counsel, Cooley must satisfy the Supreme Court's two-pronged test as set forth in Strickland v. Washington, 466 U.S. 668 (1984). This test requires him to demonstrate (i) that defense counsel's performance fell "below an objective standard of reasonableness," thus rendering the assistance so deficient that the attorney did not function as "counsel" as the Sixth Amendment guarantees, see id. at 687-88, and (ii) that counsel's ineffectiveness prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694. See also Flamer v. State of Delaware, 68 F.3d 710, 727-28 (3rd Cir. 1995). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In explaining the defendant's burden under "prong one" of this test, the Supreme Court has admonished that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or

adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. Under the second prong, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Accordingly, "an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Id.

Here, Cooley argues that his trial counsel provided ineffective assistance by "(1) failing to challenge the evidence of drug quantity on the ground that it must be found by a jury beyond a reasonable doubt, (2) failing to object to the court's failure to submit the drug quantity issue to the jury, and (3) because the element of drug quantity was not submitted to the jury and found beyond a reasonable doubt, failing to argue that the sentencing court was constrained by the 20-year maximum found in Section 841(b)(1)(C), in light of Vazquez and Apprendi." (Petitioner's 2255 Motion, p.15). Each of the errors that form the basis for Cooley's ineffective assistance claim have already been submitted to the Third Circuit and rejected. See Cooley I, 131 Fed. Appx. at 883; Cooley II, 205 Fed. Appx. at 18-19. Cooley now attempts to repackage those same alleged errors as a claim for ineffective assistance of counsel in hopes of receiving yet another bite at the apple.

When determining whether counsel's performance is deficient, "[a]s a threshold matter, the court must determine whether the underlying claim was meritorious." U.S. v. Baird, 218 F.3d 221, 225 (3rd Cir. 2000) (citing United States v. Mannino, 212 F.3d 835, 839-40 (3rd Cir. 2000)). Counsel does not act deficiently by failing to raise a meritless argument. See U.S. v. Sanchez, 53 Fed. Appx. 208, 210 (3rd Cir. 2002) ("Because his Apprendi argument is meritless, Sanchez's claim that his counsel provided ineffective assistance by failing to raise an Apprendi issue must also fail). As noted above, the Third Circuit squarely rejected Cooley's Apprendi arguments in Cooley II, upholding this court's discretionary application of the drug quantity enhancement and concluding that "[t]he defendant's suggestion that a jury had to find the facts supporting these enhancements is at odds with Booker itself and our post- Booker jurisprudence." Cooley II, 205 Fed. Appx. at 19. Counsel's failure to raise this meritless argument at sentencing did not constitute deficient performance.

B.  *Constitutionality under the Fifth and Sixth Amendments*

In his second ground for relief, Cooley again argues that his sentence violated Apprendi and Blakely. Cooley specifically contends that the Third Circuit improperly applied "a Booker remedy" to his sentence and, as a result, "the Apprendi error in Cooley's case was negated by the retroactive application of . . . Booker." (Petitioner's 2255 Motion, p. 21). Cooley asserts, therefore, that his sentence violates the Fifth and Sixth Amendments, is in excess of the maximum authorized by law, and violates due process and the *ex post facto* clause of the U.S. Constitution.

For the reasons discussed above, these arguments are meritless given the Third Circuit's ruling in Cooley II. Cooley II, 205 Fed. Appx. at 19.

C.  *Territorial Jurisdiction*

Cooley's final argument is that the government did not have territorial jurisdiction over the crime that he committed and, therefore, his indictment must be dismissed. The indictment at issue charged Cooley with conspiracy to distribute and possession with intent to distribute crack cocaine in the Western District of Pennsylvania in violation of 21 U.S.C. §§ 841 and 846.

This argument is frivolous. 18 U.S.C. § 3231 provides federal courts with exclusive jurisdiction over offenses against the laws of the United States. Moreover, Article I, Section 8 of the United States Constitution grants to Congress the power to create, define and punish crimes irrespective of where they are committed. United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994). "The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States." United States v. Lampley, 127 F.3d 1231, 1245-46 (10th Cir. 1997).

In the context of intrastate drug activity, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801-966, sets forth the nexus between drug trafficking and interstate commerce. Congress, under the authority of the Commerce Clause, may constitutionally pass and enforce laws regulating intrastate drug activity within the territorial jurisdiction of the United States, including Pennsylvania. See United States v. Johnson, 46 F.3d 1128 (4th Cir. 1995);

United States v. Smith, 237 Fed. Appx. 732 (3rd Cir. 2007) (holding that there can be no question about the territorial jurisdiction of the U.S. District Court for the Middle District of Pennsylvania where the indictment charged a violation of 21 U.S.C. § 841 occurring in Pennsylvania). Consistent with the cases cited above, Cooley's territorial jurisdiction claim is meritless.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> JOHN COOLEY, ) <br> ) <br> ) | Civil No. 06-165 Erie <br> Criminal No. 02-40 Erie <br> Judge Sean J. McLaughlin |

**ORDER**

AND NOW, this 19th day of May, 2009, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.