IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>JOHN COOLEY, )<br>)<br>) | Civil No. 07-308 Erie<br>Criminal No. 02-40 Erie<br>Judge Sean J. McLaughlin |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant John Cooley's Motion for Relief from Final Judgment pursuant to Fed. R. Civ. P. 60(b) and 60(d).

**I. BACKGROUND**

On December 9, 2003, the defendant, John Cooley, was convicted by a jury on charges of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. On February 25, 2004, this Court determined at sentencing that Cooley (1) had trafficked in, at minimum, over 35 to 40 kilograms of crack cocaine, (2) was the leader and organizer of a criminal activity involving five or more participants, (3) possessed a firearm during the conspiracy, and (4) attempted to obstruct justice. Based in part upon these findings, Cooley's total offense level was increased to 46 and he received a sentence of life imprisonment.

Cooley timely appealed his conviction and sentence to the Third Circuit. On June 20, 2005, the Third Circuit affirmed his judgment of conviction but vacated the sentence and remanded for re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Cooley, 131 Fed. Appx. 881, 883 (3rd Cir. 2005) ("Cooley I").

On October 21, 2005, Cooley was re-sentenced to a term of life imprisonment in accordance with Booker. Cooley filed a second appeal, asserting that "the District Court's determination of facts at sentencing, not found by the jury or admitted by the defendant, and subsequently relied upon to impose a life sentence, violated the Sixth Amendment to the United States Constitution." The Third

Circuit rejected Cooley's argument and reaffirmed his life sentence. United States v. Cooley, 205 Fed. Appx. 17, 18-19 (3rd Cir. 2006) ("Cooley II").

On November 5, 2007, Cooley filed a Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 wherein he argued, inter alia, that trial counsel was ineffective for failing to challenge at trial and sentencing the government's failure to submit the question of drug quantity to the jury and this Court's determination of drug quantity in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Cooley's § 2255 motion was denied on the basis of the Third Circuit's previous decisions in Cooley I and Cooley II. (Doc. 152, Memorandum Opinion and Order, 5/19/2009).

In his instant motion for relief, Cooley contends that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010 ("FSA").[1] This argument is without merit.

## II. Discussion

The FSA, Pub. L. No. 111-220, 2010 S 1789, was signed into law on August 3, 2010. In pertinent part, the FSA modified the penalties for distribution of cocaine base contained in 21 U.S.C. § 841(b)(1)(A) by, for example, raising from 50 grams to 280 grams the amount of cocaine base required to invoke the twenty-year mandatory minimum term of imprisonment. Cooley contends that the FSA modified the statutory minimum and maximum terms of imprisonment applicable to his offense and, as such, he is entitled to have his sentence reconsidered.

Cooley's argument fails, however, because the Third Circuit has definitively ruled that the FSA is not retroactive. See United States v. Reevey, 631 F.3d 110 (3rd Cir. 2010). In Reevey, the Court held:

> The general Savings Statute [1 U.S.C. § 109] requires that any intent to "release or extinguish any penalty" under an existing statute be "expressly provide[d]" in the subsequent congressional enactment. The FSA does not contain an express statement that the increase in the amount of crack cocaine triggering the . . . mandatory minimum is to be applied to crimes committed before the FSA's effective date. Nor does it provide that those sentenced before the FSA's effective date are to be re-sentenced. Therefore, the FSA cannot be applied to Reevey and Williams.

---

[1] Cooley and the government disagree as to whether Cooley's motion for relief should be treated as a second or successive § 2255 petition. I need not address this issue because Cooley's claim for relief is clearly without merit.

Reevey, 631 F.3d at 114-15; see also United States v. Patillo, 2010 WL 5018228, *5 (3rd Cir. 2010) ("[T]he Fair Sentencing Act, which was signed into law some two years after [the appellant] was sentenced . . . does not apply retroactively.") (citations omitted); United States v. Smith, 2011 WL 710205 (E.D. Pa. 2011) ("The Fair Sentencing Act is not retroactive, however, and its amendment . . . does not apply to Smith."). Every Court of Appeals which has considered the retroactivity of the FSA has reached the same conclusion. See United States v. Lewis, 625 F.3d 1224, 1229 (10th Cir. 2010) (FSA "is not ... retroactive and thus does not apply to this case"); United States v. Brewer, 624 F.3d 900, 908 n. 7 (8th Cir. 2010) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed."); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010) ( "Like our sister circuits that have considered this issue, [ ] we conclude that the savings statute operates to bar the retroactive application of the FSA."); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam) (affirming ten-year mandatory minimum sentence under 21 U.S.C. § 841 "because the FSA took effect in August 2010, after appellant committed his crimes, [and] 1 U.S.C. § 109 bars the Act from affecting his punishment"); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010) (affirming sixty-month mandatory minimum sentence because the FSA "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language").

Cooley was sentenced on October 18, 2005, approximately five years before the FSA was signed into law. As such, the amendments contained in the FSA do not apply to Cooley and his motion must be denied.[2]

---

[2] The government also contends that Cooley's motion is a second or successive § 2255 motion for which he has not obtained the requisite authorization from the Third Circuit Court of Appeals. Because Cooley's motion does not allege newly discovered evidence or a new retroactive rule of constitutional law, as required by 28 U.S.C. § 2255(h), his motion is subject to dismissal on this additional ground.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. 07-308 Erie |
| ) | Criminal No. 02-40 Erie |
| ) | Judge Sean J. McLaughlin |
| v. ) | |
| JOHN COOLEY, ) | |

**ORDER**

AND NOW, this 14th day of April, 2011, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion for Relief from Final Judgment pursuant to Fed. R. Civ. P. 60(b) and 60(d) is DENIED.

IT IS SO ORDERED.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.